Wm. F. Dowd *vs.* M. A. Morgan, Judge of Probates, et al.

There is no law which will authorize a probate court to render a judgment in favor of a party who does not apply for its assistance. *Held*, that the courts of justice can only grant relief, or give judgment in favor of those who invoke their aid.

On appeal from the probate court of Monroe county; Hon. W. A. Tucker, judge.

The merits of this case sufficiently appear in the opinion of the court.

*John F. Cushman*, for appellant.

*Davis & Acker*, for appellees.

Mr. Justice Fisher delivered the opinion of the court.

At the March term, 1850, of the probate court of Monroe county, the letters of guardianship previously granted to the appellant, of a certain minor, were revoked, and letters granted to another. A citation was issued, requiring the appellant to appear at a certain term of the court and settle his guardian account. He appeared and made a settlement; a citation was then issued, requiring the guardian recently appointed to appear in court and show cause, why the account of the former guardian should not be allowed. He failed to appear; whereupon the court examined the account and rejected it, on the ground that the appellant had exceeded the income of the estate in supporting the ward. A re-statement of the account was ordered, allowing the former guardian the income, consisting of interest on a certain sum of money, for the ward's support. Under this statement of the account a large balance remained due to the minor.

Upon this state of facts, it appears that the court of its own motion rendered a judgment against the appellant for said balance, requiring him to pay the same to the newly appointed guardian, and awarded execution, &c.

If this judgment had been rendered upon a proper proceeding by the acting guardian, it would, perhaps, have been right and proper. But there is no law which will authorize a probate court to render a judgment in favor of a party, who does not ask its assistance. Courts of justice can only grant relief or give judgment in favor of those who invoke their aid. In this case, it appears that no judgment was asked by the guardian; and, consequently, none should have been rendered in his favor.

Judgment reversed, without prejudice.