## HOGAN T. DOLLAR ET AL. *v.* ALLEN–WEST COMMISSION COMPANY.

1. GARNISHMENT. *County. Board of supervisors.*

   A county, if its board of supervisors object, cannot be garnisheed, either at law or in equity.

2. SAME. *Debtor cannot object.*

   If a county against whom a writ or garnishment has been issued does not, by its board of supervisors, object to the proceeding; the debtor cannot do so.

3. SAME. *Jurisdiction.*

   The courts have jurisdiction of a garnishment against a county, but must sustain an objection made by the board of supervisors, the the board being the judge whether or not the proceeding will restrict the performance of its public functions.

FROM the chancery court of Monroe county.

HON. HENRY L. MULDROW, Chancellor.

The Allen-West Commission Company, appellee, was the complainant in the court below; Dollar and the county of Monroe, appellants, were defendants there. The complainants showed that they had obtained a large judgment against Dollar, which they were unable to collect; that their debtor had constructed a bridge for the county, and for which there was due

him a considerable sum, and the object of the bill (in its nature a garnishment proceeding) was to subject the sum due by the county to complainant's judgment. The defendants, Dollar and the county, demurred to the bill; the court below overruled the demurrer, and the defendants appealed to the supreme court.

*Monroe McClurg*, attorney-general, for appellant, Monroe county.

In *Dollman* v. *Moore*, 70 Miss., 267 (270), the bill alleged "that said board of trustees is indebted to Dollman in a sum in excess of the debt due complainant," and the trustee "answered, admitting an indebtedness," failing to plead its exemption from garnishment; quite a different case from the one in hand. In that case the intimation is strong that, if the exemption had been set up, it would have been sustained. The discussion of the powers of a court of equity to reach an equitable asset has no reference to the point here insisted upon, that the county could not be garnisheed, especially upon an unfinished contract the terms of which are not shown by the bill.

*Walker & Tubb*, for appellants.

Can a judgment creditor, by a creditor's bill in equity, reach a debt owing by the county to the judgment debtor and compel the board of supervisors, the county's representative, to answer in equity as garnishee, the board protesting and claiming its legal exemption from such process? The overwhelming weight of authority, well-nigh universal, answers, "No."

The nearest approach to appellee's view by this court, and the only authority relied upon or brought forward at the hearing, is the case of *Dollman* v. *Moore*, 70 Miss., 267, a case altogether different in its essential features from the case here presented. The board there did not appeal. It was ready to pay to the proper party, to either of the parties named by the court. The court said: "It is sufficient to say in this case that the trustees of Yazoo City made no objection to submitting to

complainant's decree, and the objection, not being jurisdictional, cannot be made by the appellants.'' In the case at bar the board of supervisors objects to the proceeding against it, and claims its privilege of exemption from liability to be drawn into private litigation, in which it has no interest, and required to answer as garnishee either at law or in equity.

Appellee's counsel sought to draw his bill in accordance with the doctrine announced in Dollman's case by alleging '' that to sequester and impound the claim owed by the county and subject it to the debt and judgment owed by defendant to complainant, would not hamper or restrict the county or its representative, the board of supervisors, in the performance of its public functions . . . . as complainant is informed and believes.'' But this is a mere conclusion of the pleader; no facts are alleged to support it. The very reason underlying and supporting all the authorities holding that municipal and other public corporations are not subject to be harrassed and brought into court in procedings of this kind, is that public policy will not suffer the official representatives of public corporations to be interfered with at all; not that they may be required to answer in a particular class of cases and not required to answer in another class. *Merwin* v. *Chicago*, 45 Ill., 133, s.c. 92 Am. Dec., 204; *Summerfield* v. *Tyler*, 37 L. R. A., 207; *Addyston Pipe & Steel Co.* v. *Chicago*, 170 Ill., 580, s.c. 44 L. R. A., 405; 14 Am. & Eng. Enc. L. (2d ed.), pp. 812, 813, 814, and notes; *Divine* v. *Harvie* (Ky.), 18 Am. Dec., 194, notes 200-207; *Hawthorne* v. *St. Louis*, 11 Mo., 59, s.c. 47 Am. Dec., 141; *Baltimore* v. *Root*, 8 Md., 95, s.c. 63 Am. Dec., 692; *Burnham* v. *Fond du Lac*, 15 Wis., 193, s.c. 82 Am. Dec., 668; *Merwin* v. *Chicago*, 45 Ill., 133, s.c. 92 Am. Dec., 204; *Hightower* v. *Slaton*, 54 Ga., 108, s.c. 21 Am. Rep., 273; *McLellan* v. *Young*, 54 Ga., 399, s.c. 21 Am. Rep., 276; *Memphis* v. *Laski*, 9 Heis., 511, s.c. 24 Am. Rep., 327; *Swotzer* v. *Wellington*, 40 Kan., 250, s.c. 10 Am. St. Rep., 196; *Leake* v. *Lacey*, 95 Ga., 747, s.c. 51

Am. St. Rep., 112, and note 119; *Hardware Co.* v. *Perdue,* 105 Ala., 293, s.c. 53 Am. St. Rep., 124; *Manufacturing Co.* v. *Krake,* 66 Minn., 110, s.c. 51 Am. St. Rep., 395; *Wallace* v. *Lawyer,* 54 Ind., 501, s.c. 23 Am. Rep., 661; *Merrell* v. *Campbell,* 49 Wis., 535, s.c. 35 Am. Rep., 785.

*W. H. Clifton,* for appellee.

The scope and purpose of the bill is to subject an equitable asset of Dollar, a judgment debtor, to the payment of the judgment debt.   The old rule in such cases, requiring the issuance of execution and return of *nulla bona* has been complied with. This has long been a favorite jurisdiction of chancery in Mississippi as well as elsewhere.   Wade on Attachments, 335, 448; *Williams* v. *Gage,* 49 Miss., 777; *Ward* v. *Whitfield,* 64 Miss., 754; *Fleming* v. *Grafton,* 54 Miss., 86.

This original jurisdiction of chancery to subject equitable assets, is not taken away by our statute authorizing the levy of executions or attachments on choses in action.   Code 1892, §3466.

The demurrer admits the fact charged in the bill.   The case on principle is exactly the same as though the county had answered admitting the indebtedness,' and asked that the court decide which of the two claimants it should pay.   We bring ourselves directly within the exception which permits governmental corporations to be sued for debts owed its employes for public work.   The suit cannot interfere with the building of the bridge, for it is completed, or hamper the corporation in the performance of its public functions.   The bill was filed under the authority of *Dollman* v. *Moore,* 70 Miss., 267, and is in all respects on all fours with it.

CALHOON, J., delivered the opinion of the court.

A county, if its board of supervisors object, cannot be garnisheed, either at law or in equity.   If it does not object, the debtor cannot object.   But in the case before us it did object,.

and so *Dollman* v. *Moore*, 70 Miss., 267, s.o. 12 So., 23, 19 L. R. A., 222, has no application. The two cases are entirely *disparata*. While the matter is not jurisdictional, in the discretion of the court, so as to prevent decree where the board submits itself to the jurisdiction, the courts must always, in the nature of things, entertain and sustain its objection. The board, and not the court, is the judge of whether the proceedings will "hamper or restrict it in the performance of public functions," in the language of Justice Cooper.

*Reversed, and bill dismissed.*