## CLARKSDALE COMPRESS COMPANY *v.* CALDWELL COMPANY ET AL.

1. MUNICIPALITIES.   *Attachments in chancery.*   *Code* 1892, § 486.

   A municipality cannot, over its objection, be proceeded against, under Code 1892, § 486, regulating attachments in chancery, so as to bind its indebtedness to a nonresident defendant.

2. SAME.   *Suits against.*   *Garnishment.*

   A municipality, unless subjected thereto by statute, is not liable to suit, by garnishment or otherwise, for debts arising from its exercise of governmental functions.

3. SAME.   *Onu probandi.*

   A plaintiff or complainant who seeks to subject a municipality to garnishment on the ground that its debt to the defendant was contracted in its private capacity, and not in the exercise of governmental functions, must show the nature of the transaction and the facts which render it amenable to the process.

4. SAME.

   *Dolman* v. *Moore*, 70 Miss., 271, *criticised and limited.*

FROM the chancery court of, second district, Coahoma county. HON. A. McC. KIMBROUGH, Chancellor.

The Clarksdale Compress Company, appellant, was complainant in the court below; the Caldwell Company and others, including the town of Indianola, appellees, were defendants there. A decree *pro confesso* was duly rendered against the town, which, on its application, was set aside and the suit dismissed as to it. Complainant appealed to the supreme court. The opinion further states the case.

*J. W. Cutrer,* for appellant.

It is true that a municipality or other corporation which exercises sovereignty, is not a person in the meaning of the

statute, but a proceeding against a non-resident creditor, who has money or effects in the hands of the corporation, will be upheld by the general principles of equity. *Dollman* v. *Moore,* 70 Miss., 267.

A creditor's bill will be maintained to reach funds in the hands of a municipal corporation which cannot be reached by the ordinary garnishment proceeding at law. *Riggin* v. *Hilliard,* 35 Am. St. Rep., 113 (56 Ark., 476); *Knight* v. *Nash,* 22 Minn., 452; *Pendleton* v. *Perkins,* 49 Mo., 565; *Speed* v. *Brown,* 10 B. Mon., 108; *Smith* v. *Bourbon,* 127 U. S., 105; *Dotterer* v. *Boone,* 84 Ga., 769. In all of these cases it is conceded that the public corporations referred to should not be subjected to such proceedings when the effect would be to hamper or restrict them in the performance of public functions, or the execution of their contracts. This court by its decision in *Dollman* v. *Moore,* recognizes the principal underlying these cases. To be frank, the court does not commit itself to this rule, but places its decision in that case upon the ground that the trustees of Yazoo City made no objection to submitting to the complainant's decree. Mr. Justice Cooper, in the opinion, said: "We are not to be understood to say that a court of chancery will, in the exercise of its jurisdiction, permit municipal corporations to be subjected to decrees in favor of creditors of those to whom it may be indebted, in all cases and under all circumstances. . . . The exercise of a proper judicial discretion may be safely left to the courts, to be exercised as occasion requires."

There is not an indication or intimation in this record that this proceeding would in any way hamper, restrict, or interfere with the town of Indianola in the performance of its public functions, or impede the execution of any contract into which it may have entered.

Great stress will doubtless be laid upon the decision in *Dollar* v. *Commission Co.,* 78 Miss., 274. It has no application to the case at bar. The defendant therein was a resident of

this state; the defendant herein, Caldwell Company, is a non-resident. In all of the cases cited the debtor defendants were non-residents, and it is upon this ground that the equitable jurisdiction is exercised.

If the town of Indianola was ever entitled to claim the supposed privilege of exemption from garnishment or attachment, that right was cut off by its failure to exercise the right before the entry of the decree *pro confesso*. The effect of the decree was to take it as admitted that it did not claim the privilege of exemption, and that the sum of $1,000 was due to Caldwell Company by it. Until this decree was set aside, it could not avail itself of the privilege. The inquiry becomes pertinent, then, whether the action of the court in setting aside the decree was correct. The statute declares that no *pro confesso* decree shall be set aside without good cause shown.

The only showing made by the town of Indianola was made by a motion signed by its solicitors. There was no affidavit, no deposition, and no oral testimony. The motion itself admits that the sum of $1,000 was due Caldwell Company. No reason is assigned why the proper answer or plea was not filed in the proper time. A motion to set aside a decree *pro confesso* must be accompanied by an answer, or reason must be given for the failure, and time asked to present it. *Pittman* v. *McLell*, 55 Miss., 299.

A decree will not be set aside in order for any technical defense to be interposed. *Parker* v. *Grant,* 1 Johns Chancery Rep., 630; *People* v. *Rains,* 23 Cal., 127.

Indeed, in some jurisdictions a decree will not be set aside in order that the statute of limitations may be pleaded, to say nothing of pleading in abatement. *Newsom* v. *Ran,* 18 Ohio, 240.

The undisputed rule in this state is that a meritorious defense must be shown to exist before a decree *pro confesso* will be set aside. *Pittman* v. *McLellan,* 55 Miss., 299.

*Baker & Moody,* for appellee, town of Indianola.

By this proceeding the appellant sought by attachment in chancery rather than by garnishment at law, to subject to the payment of its alleged debt an indebtedness due bv the town of Indianola to Caldwell Company, its co-defendant. In the case of *Dollman* v. *Moore,* 70 Miss., 267, which was a proceeding exactly similar to the one before the court, this court held that where the municipality did not object to funds due it being attached, the defendant could not object, but where objection was made by the municipality the court was bound to respect its objection. In that case the municipality made no objections, and as it did not, the funds due by it was held subject to the complainant's debt, but in the case at bar the appellee, as a municipal corporation, expressly objects, and its board of aldermen states that if the suit is not dismissed complications might arise which would result in loss to the town. In the case of *Dollar* v. *Commission Co.,* 78 Miss., 274, s.c., 28 So. Rep., 876, this court says that, "While the matter is not jurisdictional, in the discretion of the court, so as to prevent decree where the board submits itself to the jurisdiction, the court must always in the nature of things entertain and sustain its objection. The board, and not the court, is the judge of whether the proceeding will hamper or restrict it in the performance of public functions." A decree pro confesso, we submit, should always be set aside when no harm can be done to the complainant, if it appear that the defendant has a meritorious defense. If the subjection of funds due by the town to Caldwell Company would result in loss to it—and the board itself is a judge as to whether it would or not—that certainly constitutes a meritorious defense, as the objection itself is sufficient to defeat the suit, as to the town. It seems to us that the question is too plain to admit of argument, but we also refer your honors to the case of *McBain* v. *Rodgers,* 29 So. Rep., 91.

Terral, J., delivered the opinion of the court.

The Clarksdale Compress Company, in the chancery court of the second district of Coahoma county, sued by attachment the Caldwell Company, a non-resident corporation, for a considerable sum of money, and garnished the town of Indianola as being indebted to said Caldwell Company. The town of Indianola, being duly served with process, appeared in said court, and objected to being subjected to said process of garnishment, and protested to the jurisdiction of the court in the premises. The court sustained the objection of the town of Indianola, and discharged it from said process, and from that judgment the Clarksdale Compress Company appeals.

In *Dollman* v. *Moore,* 70 Miss., 267 (12 So., 23; 19 L. R. A., 222), the learned justice delivering the opinion of the court said that § 1832 of the code of 1880 (§ 486, code 1892) did not, in the word "persons," include in its meaning municipal corporations as being subject to the process of garnishment. And, though excluding them from garnishment under the statute, in the concluding part of the opinion the justice intimated that the chancery court would, under some circumstances, sustain the garnishment of a municipality, but only where such garnishment would not hamper the municipality in the execution of its public functions. The remarks made upon this line were but *obiter dicta,* and were not called for by the decision of the case before the court. In *Dollar* v. *Commission Co.,* 78 Miss., 274 (28 So., 876), it was held that a municipality could not, over its objection and protest, be subjected to the process of garnishment. The principle of its exclusion from suit is based upon the idea that its debts arise from the exercise of its governmental functions as a part of the sovereign power confided to its keeping, and that, unless named as being subject to such burdens, it should enjoy the immunities lodged in other sovereign bodies. If a municipality, in its private capacity, should contract debts, so as to be subject to the process of the courts as a private individual, and become thereby liable to

garnishment on other principles, it would be for the party claiming such liability to show the nature of the debt, and the amenability of the municipality to suit arising from the nature of the debt sought to be garnished; but that purpose is not sought in this case. That a municipality, unless so subjected by legislative act, is not liable to suit, by garnishment or otherwise, for debts arising from the exercise of its governmental functions, is settled by many authorities. The American & English Encyclopedia of Law says: "This rule is generally placed on the ground that, as a public corporation is created for the public benefit, with political powers, to be exercised for purposes connected with the public good in the administration of civil government, public policy demands that such bodies should not be subjected to the serious interruptions in the prosecution of public business, the inconvenience and delay in the prompt and efficient discharge of official duties and the accomplishment of important works and measures, which might result from their subjection to such process." 14 Am. & Eng. Enc. Law (2d ed.), 812; *State* v. *Tyler,* 14 Wash., 495 (45 Pac., 31; 37 L. R. A., 207; 53 Am. St. Rep., 878); *Addyston Pipe & Steel Co.* v. *City of Chicago,* 170 Ill., 580 (48 N. E., 967; 44 L. R. A., 405); *Hawthorne* v. *City of St. Louis,* 11 Mo., 59 (47 Am. Dec., 141); *Hightower* v. *Slaton,* 54 Ga., 108 (21 Am. Rep., 273); *Leake* v. *Lacey,* 95 Ga., 747 (22 S. E., 655; 51 Am. St. Rep., 112).

*Affirmed.*