GULLY, TAX COLLECTOR, *v.* STEWART *et al.*

(Division B. May 24, 1937. Suggestion of Error Overruled July 1, 1937.)

[174 So. 559. No. 32736.]

Mize, Thompson & Mize, of Gulfport, and J. O. S. Sanders, of Jackson, for appellant.

Chas. R. Haydon and Gardner & Backstrom, all of Gulfport, for appellees.

Argued orally by **Robert W. Thompson, Jr.,** and **J. O. S. Sanders,** for appellant, and by **Hanun Gardner,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

The state tax collector filed the bill in this case in the chancery court of Harrison county against appellees to recover for the state the sum of $400,000, the value of the sand and gravel alleged to have been wrongfully removed by them from the bed of Bayou Bernard, a navigable body of water in Harrison county in this state. The chancellor dismissed the bill on demurrer. From that decree the state tax collector prosecutes this appeal.

At the threshold we are met with the question as to the power of the state tax collector to bring and prosecute this suit. His powers to sue are contained in section 6986, Code of 1930, which follows: "The state tax collector may appoint a sufficient number of deputies, but not to exceed ten at any one time. He shall have power and it shall be his duty to proceed by suit in the

proper court against all persons, corporations, companies and associations of persons for all past due and unpaid taxes of any kind whatever, whether of the state, county, municipality, drainage, levee or other taxing district, or any subdivision thereof, and for all past due obligations and indebtedness of any character due and owing to them or any of them, except penalties for the violation of the anti-trust laws and except income and inheritance taxes. In all cases of valuation or ownership of property which has escaped taxation, he may have subpœnaed witnesses to testify before any board of supervisors, board of mayor and aldermen, or tax commission.''

The solution of the question turns on the meaning of the language in the statute, ''all past due obligations.'' We have reached the conclusion that the tax collector is without the power upon the following considerations: The outstanding authority given by the statute is the collection of unpaid taxes due the state and its political subdivisions, including taxing districts. ''State tax collector'' is the title given him by the statute (section 6984). ''Past due obligations'' is given meaning by what goes before. The principal of ejusdem generis applies. Where special words are used in a statute followed by terms more general, the general terms are to be limited to like kind and character as the special words, unless the contrary appears. Leinkauf v. Barnes, 66 Miss. 207, 5 So. 402; Anderson v. Hattiesburg, 131 Miss. 216, 94 So. 163. Furthermore, this court in construing section 100 of the Constitution held that it had no application to an unliquidated claim growing out of tort; in other words, the language ''obligation or liability'' meant a fixed amount and not an unliquidated claim. That section of the Constitution prohibits the release, remittance, postponement, or any diminution by the Legislature of the obligation or liability of any person, association, or corporation held by the state or any of its political subdivisions. Eastman, Gardiner & Co.

v. Adams, 101 Miss. 460, 58 So. 221, and Robertson v. Weston Lumber Co., 124 Miss. 606, 87 So. 120.

The tax collector is without authority to sue for an unliquidated demand growing out of tort.

Affirmed.