CITY OF NATCHEZ v. CRAIG, STATE TAX COM'R.

(In Banc. Sept. 22, 1941.)

[3 So. (2d) 837. No. 34669.]

Gerard **H.** Brandon, of Natchez, for appellant.

Creekmore & Creekmore, Forrest B. Jackson, and W. E. Gore, all of Jackson, and Engle & Laub, of Natchez, for appellee.

McGehee, J., delivered the opinion of the court.

This suit is brought by attachment in chancery on be-half of the state, to collect certain excise taxes which are

alleged to be due from two nonresident construction companies under section 2-e, chapter 119, Laws of 1934, as amended, and known as the ''Sales Tax Law,'' but which taxes are levied for the privilege of engaging, or continuing, within this state in the business of contracting. The appellant, City of Natchez, a municipal corporation, is sued as garnishee under section 173 et seq., Code of 1930, it being alleged that such resident garnishee is indebted to the nonresident defendants, and has effects of theirs in its hands or under its control.

Process has not been served upon the principal defendants, but the City of Natchez in due time appeared in response to its summons, and objected to being required to answer the garnishment, and filed a motion to dismiss the proceeding as to it, claiming the immunity which the previous decisions of this Court has declared to exist in favor of such a governmental subdivision of the state. Dollman v. Moore, 70 Miss. 267, 12 So. 23, 19 L. R. A. 222; Dollar v. Allen-West Commission Co., 78 Miss. 274, 28 So. 876; Clarksdale Compress Co. v. Caldwell Co. et al., 80 Miss. 343, 31 So. 790; and Howell v. Kersh, 152 Miss. 266, 119 So. 186.

This objection and motion were overruled, upon the theory that a political subdivision of the state should not be permitted to claim this immunity from garnishment where the sovereign itself is seeking to subject to the payment of its demand any indebtedness of the garnishee to the principal defendant who is being sued by the state. Thereupon, this appeal was granted to settle the controlling principles of law involved. But we are not warranted in passing upon the precise question thus presented by the appeal, for the reason that in the case of Dunn Construction Co. v. Craig, State Tax Collector, 2 So. (2d) 166, not yet officially reported, the Court held that the enforcement of any of the provisions of said chapter 119, Laws of 1934, as amended, in any of the courts of this state is vested exclusively in the jurisdiction of the Chairman of the State Tax Commission at

least in so far as the State Tax Collector, and other statutory officers, are concerned. Therefore the state has not invoked the jurisdiction for the court to decide the question; it is not in court through any legal representative authorized by law to sue in such case.

In the case of Gully, State Tax Collector, v. Stewart et al., 178 Miss. 758, 174 So. 559, the court below sustained a demurrer to a bill of complaint, and dismissed the suit on the ground that the State Tax Collector was not authorized to bring that suit. The decree was affirmed on appeal. Thereafter, a separate suit was filed by the Attorney General on the same cause of action, and there was a plea of res adjudicata by the. defendants on the ground that the State of Mississippi had theretofore, by and through J. B. Gully, State Tax Collector, filed its suit in said court on identically the same cause of action involved in the then pending cause, and against the same defendants, and that the Chancery Court, having dismissed the former suit, and its decree in that behalf having been affirmed by the Supreme Court, such former decree and judgment were res adjudicata of the issues involved. The plea of res adjudicata was overruled by the trial court, and upon appeal of the case of State ex rel. Rice v. Stewart et al., 184 Miss. 202, 184 So. 44, 46, 185 So. 247, this Court affirmed the action of the lower court, saying: ''And, since the State, as a party litigant, is subject to all the rules governing the procedure of the courts in other cases, and entitled to all the rights and remedies to which individuals are entitled in a given state of case, as provided for under Section 6002 of the Mississippi Code of 1930, the State could not be bound by an appearance in court on its behalf by an unauthorized official to any greater extent than an individual could be bound by the act of a person assuming to sue on his behalf without authority. Weems v. Vowell, 122 Miss. 342, 84 So. 249; Humphreys County v. Cashin, 128 Miss. 236, 90 So. 888; Hirsch Bros. & Co. v. [R. E.] Kennington [Co.], 155 Miss. 242, 124 So. 344, 88 A. L. R. 1; 2 Ency. of Plead-

ing and Practice, page 690. The State did not legally become a party to the former suit, and its appearance therein was not entered by anyone authorized so to do. The State did not invoke the aid of the court in the former suit, and not having invoked the aid of the court is not bound by the decree therein rendered. In other words, the court could not have acquired jurisdiction over the sovereign state by reason of the unauthorized act of one of its officials in assuming to appear on its behalf. Henry v. State, 87 Miss. 1, 39 So. 856. The state tax collector is authorized to represent the State and sue for its benefit on the causes of action mentioned in Sections 6986, 6987, 6988, 6993, 6994 of the Code of 1930, and other enactments by which such authority may be conferred. A judgment resting on his unauthorized appearance in any other case is a nullity in so far as the rights of the State are concerned.''

It was held in the case of Dowd v. Morgan, 23 Miss. 587, that ''Courts of justice can only grant relief or give judgment in favor of those who invoke their aid.'' See, also, Love v. Mississippi Cotton Seed Products Co., 161 Miss. 704, 137 So. 739, and Griffith's Miss. Chancery Practice, sections 29a, 30, 54, 58, 564. No one authorized to do so has invoked the action of the court on behalf of the State for the collection of the tax sued for herein, and the court should not act sua sponte. 21 C. J. S., Courts, sec. 81, page 121. ''Where an unauthorized person brings an action in the name of another who has not consented thereto, the court does not acquire jurisdiction of the plaintiff.'' 21 C. J. S., Courts, sec. 83, page 123; Southern Pine Lumber Co. v. Ward, 16 Okl. 131, 85 Pac. 459. And in the case at bar the State has not consented for its State Tax Collector to appear for it in a suit of this character, but has expressly withheld such consent by providing in section 16 of chapter 119, Laws of 1934, as amended, that the authority to do so is vested exclusively in another, who has declined to bring the suit, according to the allegations of the bill of complaint.

Therefore, instead of reversing and remanding the cause, the same will be reversed and dismissed, since the Court is without jurisdiction to render any decree that would be binding either upon the State or the defendants.

Reversed and judgment here dismissing the bill of complaint.