## HITCH v. STONEBRAKER.

### Division One, November 26, 1894.

1. **Trustee of Express Trust:** PARTY: STATUTE. A trustee of a fund devised to a college may sue therefor as the trustee of an express trust. (Revised Statutes, 1889, secs. 1990, 1991.)

2. **Trustee, Successor to:** EX PARTE APPOINTMENT. Revised Statutes, 1889, sections 8683, 8684, do not authorize the *ex parte* appointment of a successor to a trustee of a trust created by a will.

3. ———: ———. The circuit court has no inherent power as a court of equity to remove a trustee created by will and to appoint a successor without notice to such trustee.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED.

*H. C. Lackland* and *C. W. Wilson* for appellant.

(1) Defendant's motion to dismiss because of a defect of parties plaintiff should have been sustained. The bond sued on, was the demand in the case. It is apparent on the face of the bond, that the curators of the St. Charles College, the obligees in the bond, are the only persons entitled to sue thereon, and that Garner

B. Hitch, the plaintiff, is not the obligee, and has no cause of action against the defendant estate. Stonebraker was responsible only to the party to whom he bound himself. *Woodworth v. Woodworth*, 70 Mo. 603; *State v. Moore,* 19 Mo. 371; *Duty's Adm'r v. Dutcher*, 15 Mo. 89; *Gardner v. Armstrong*, 31 Mo. 535; *Armstrong v. Durland*, 11 Kan. 15; *People v. Harper*, 91 Ill. 357; *Forrest v. O'Donnel*, 42 Mich. 556; *Farmington v. Hobart*, 74 Me. 416; *Bauer v. Cabanne*, 105 Mo. 110; *Nofsinger v. Hartnett*, 84 Mo. 549; *Meier v. Lester*, 21 Mo. 112; *Sickles v. McManus*, 26 Mo. 28. (2) The plaintiff, Garner B. Hitch, was plainly not entitled to judgment in this case, because George B. Johnston had never been removed as trustee, and Hitch was never legally appointed his successor in trust. The action of the St. Louis circuit court, in attempting to revoke Johnston's authority, and to appoint Hitch in his stead, was null and void for want of jurisdiction: *First*. Because the *ex parte* affidavit did not state the essential jurisdictional fact, that the trust property was situated in the city of St. Louis. 2 R. S. 1889, sec. 8683. *Second*. Because in point of fact, the trust fund and no part of it was situated in the city of St. Louis. *Third*. Because this essential jurisdictional fact, the location of the property, nowhere appears in the petition or affidavit, order or judgment of the court, or at any point in the proceeding. In the execution of a mere statutory power, the record and proceedings of the circuit court must plainly show every jurisdictional fact. Unless the jurisdictional facts appear, the whole proceeding is a nullity. *Fithian v. Minks*, 43 Mo. 502; *Higgins v. Peltzer*, 49 Mo. 152; *Coe v. Ritter*, 86 Mo. 283; *Railroad v. Company*, 62 Mo. 585; *Cunningham v. Railroad*, 61 Mo. 33; *Ellis v. Railroad*, 51 Mo. 203; *Railroad v. Young*, 96 Mo. 42. (3) The appointment

of Johnston as a successor in trust of Polk upon the statutory affidavit and application in 1877, by the circuit court of St. Louis county, the estate was not brought into chancery for administration under the supervision of the chancellor. Johnston was not thereby made the officer of the court to administer the trust. 2 R. S. 1889, secs. 8683, 8684. (4) The proceedings of the St. Louis circuit court, as an exercise of chancery powers, would be wholly nugatory. Equity jurisdictions may neither be acquired or exercised by mere *ex parte* motion. To take control as a court of equity, a regular bill and due notice to Johnston was essential. *Holden v. Vaughn*, 64 Mo. 589. (5) The surety, Stonebraker, was released by the conduct of the obligee in the bond, the curators of St. Charles College. *First*. The obligation of the surety was one of strict law. *Bauer v. Cabanne*, 105 Mo. 518; *Nofsinger v. Hartnett*, 84 Mo. 549; *Blair v. Ins. Co.*, 10 Mo. 566. *Second*. Johnston's use of the money in person, instead of loaning the same out, or investing it, as required by the terms of the trust, with the knowledge and consent of the curators of St. Charles College, the obligee in the bond, operates a release of the surety, Stonebraker. They had no right to do anything, thus increasing the risks of the surety. 1 Story's Eq. [6 Ed.], secs. 324, 325; *Nofsinger v. Hartnett*, 84 Mo. 551; *Bauer v. Cabanne*, 105 Mo. 118; *Taylor v. Jeter*, 23 Mo. 244; *Stillwell v. Aaron*, 69 Mo. 539; *Savings Association v. Helmrick*, 57 Mo. 100; 17 Am. and Eng. Encyclopedia of law, p. 99; *Bank v. Thomas*, 2 Mo. App. 367; *Chouteau v. Allen*, 70 Mo. 290.

*T. F. McDearmon* for respondent.

(1) The judgment was properly rendered in favor of Garner B. Hitch, trustee. He was the trustee of an

express trust, and the legal title to the trust fund was vested in him, and as such he was the proper party to sue. 1 R. S. 1889, sec. 1991; *Cedar County v. Johnson*, 50 Mo. 225; *Ellis v. Harrison*, 104 Mo. 277; *Kirkpatrick v. Railroad*, 86 Mo. 341; *State v. Rubey*, 77 Mo. 610; *Snyder v. Express Co.*, 77 Mo. 523; *Parker v. Rhodes*, 79 Mo. 91; *State v. Moore*, 74 Mo. 413; *Lafayette County v. Hixon*, 69 Mo. 581; *State v. Powell*, 67 Mo. 395; *State ex rel. v. Sappington*, 68 Mo. 454; *Stillwell v. Glasscock*, 47 Mo. App. 554. (2) The party to whom the money was payable, is the proper party to sue. *Ziegler v. Fallon*, 28 Mo. App. 295; *Dollarhide v. Parks*, 92 Mo. 178; *Beck v. Haas*, 31 Mo. App. 560; s. c., 111 Mo. 264. (3) The circuit court of the city of St. Louis had jurisdiction to remove the trustee, George B. Johnston, and appoint his successor. Up to the time of Trusten Polk's death it had jurisdiction of both the subject-matter of the trust and the trustees. Now, it is fundamental, that a court, once having jurisdiction of a trust fund, will retain it, until the trust is fully administered. This regardless of the movements of the trustee. The removal of the trustee, or the subject-matter of the trust, can not affect the jurisdiction or control. 1 Perry on Trusts, pp. 53, 54, sec. 77; *Smiley v. Cockrell*, 92 Mo. 112; *Seebel v. Simon*, 62 Mo. 255. (4) Even if the said court had no jurisdiction to appoint Johnston trustee, and, more than this, said Johnston were under personal disability to execute the bond in suit, so that the same could not be enforced against him, yet this would be no defense for the surety. *Machine Co. v. Maxwell*, 63 Mo. 486; *Baker v. Kennett*, 54 Mo. 82. (5) The proceedings for the appointment of both trustees, Johnston and Hitch, were properly based on sections 8683, 8684, Revised Statutes, 1889, and notice was not necessary. 2 R. S. 1889, secs. 8683, 8684; *Thompson v. Foerstel*, 10 Mo.

App. 290. The appointment of the said trustees comes not only within the spirit of sections 8683 and 8684, but within the express terms of said sections. (6) The jurisdiction of these courts is presumed where there is nothing in their record showing lack of jurisdiction, when collaterally called in question. *State v. Daniels*, 66 Mo. 192; *Johnson v. Beazley*, 65 Mo. 250; *Werz v. Werz*, 11 Mo. App. 26; *Huxley v. Harrold*, 62 Mo. 516. (7) No notice to Johnston or demand was necessary before presenting this claim to the probate court for allowance against the estate of John E. Stonebraker, the surety. 1 R. S. 1889, secs. 2948, 863, 864; *State to use v. Grupe*, 36 Mo. 366; *Reed v. Mullins*, 43 Mo. 306; *Lee v. Casey*, 39 Mo. 383.

BRACE, J.—On the tenth day of November, 1890, the plaintiff, as trustee of St. Charles College, presented to the probate court of St. Charles county a demand for allowance against the estate of J. E. Stonebraker, deceased, for $3,000, with six per cent. interest thereon from the first day of April, 1886, based upon the following bond filed therewith:

"Know all men by these presents, that the undersigned, George B. Johnston, as principal, and John E. Stonebraker, his securities, are held and firmly bound unto the curators of the St. Charles College, in the sum of $5,000, which payment well and truly to be made, they bind themselves, their heirs, executors and assigns. In testimony whereof they have hereunto subscribed their names and affixed their seals this sixth day of July, in the year eighteen hundred and seventy-seven.

"The condition of the above obligation is such, whereas the circuit court of the county of St. Louis, on the —— day of ——, in the year 1877, appointed George B. Johnston, of the county of St. Charles,

trustee of a certain sum of $3,270, allowed against the estate of Trusten Polk, deceased, and in favor of the curators of the St. Charles College, which said sum, being a part of a sum of money, bequeathed to the said college by the last will and testament of Catherine Collier, deceased. Now, should the said George B. Johnston, administer and manage the said sum of money to the best advantage, so that it may bring a reasonable interest, and pay the said interest as it annually accrues, to the treasurer of said college, and pay over and account to his successor, the principal of said fund, then this obligation to be void, otherwise to remain in full force.

"GEO. B. JOHNSTON,      [SEAL]
"JOHN E. STONEBRAKER.   [SEAL]"

The demand was allowed in the fifth class by said court on the eighteenth of February, 1892, for the sum of $4,057.50 with six per cent. interest from that date against said estate, and an appeal was taken by the administratrix to the circuit court, where the case was tried *de novo*, the issues found for the plaintiff and judgment rendered in his favor for the sum of $4,095 damages with six per cent. interest thereon and costs, and it was ordered that said sum be allowed in the fifth class against the estate of John E. Stonebraker, deceased, and that a copy of such judgment be certified to the probate court of St. Charles county. From which judgment the administratrix appeals to this court.

The facts disclosed by the record are that Mrs. Catherine Collier, in and by her last will and testament, duly probated on the twenty-sixth of August, 1835, made the following bequest:

"*Second.* I give unto my son George Collier, as trustee during his lifetime, the sum of $5,000, to be by him put out at interest or invested in some permanent

stocks at his discretion, within two years from and after my death. The interest on $2,000 of which I desire to be applied to the education of such young men, as the Methodist Episcopal Church may think proper to educate for the ministry in that church, and in default of their sending such students, or abusing the true intent of this donation by sending such as do not become ministers, then said interest to be applied to the use of the school intended to be established in St. Charles by my said son George Collier, it being understood, that I mean those young men to be educated, shall be done at the said school in St. Charles. My intention being to strengthen said institution by this donation. The interest on the remaining $3,000, I wish applied generally to the benefit of said school, under such regulations and stipulations as my said son George may think proper to make during his lifetime, and at his death, I desire that said donation pass into the hands of such trustees as my said son may direct in writing; my true intention and meaning being, to give my said son entire control of said funds for the purpose mentioned, holding the principal, $5,000, sacred, and not to be used or pledged, and the interest only to be used in such way as my said son may direct forever.''

The said George Collier accepted said bequest, and established and endowed St. Charles College, which became incorporated as a body politic by that name in the year 1837, and continued to execute the trust as long as he lived. He was a resident of the city and county of St. Louis, and died in the year 1852. By his last will and testament admitted to probate in the probate court of the county of St. Louis on the twenty-third of July, 1852, he appointed Trusten Polk, of the city of St. Louis, his successor in said trust with power to appoint *his* successor. Polk accepted said trust and

continued in the performance of his duties as such trustee until the year 1875, when he died without having appointed a. successor. Afterwards upon the seventh day of June, 1877, upon petition of the board of curators of said college, the circuit court of the city of St. Louis appointed the said George B. Johnston trustee to succeed the said Polk in said trust. Thereupon the said Johnston accepted said trust, executed the bond sued on, entered upon the discharge of his duties as such, made final settlement with the legal representatives of Polk, and received said trust fund amounting to the sum of $3,270. Afterward he paid to the curators the sum of $270 of the principal, and accounted for and paid over the annual interest on the remaining $3,000 in accordance with the trust until the first day of April, 1886.

On the twenty-sixth of May, 1890, and during the April term, 1890, of the circuit court of the city of St. Louis, one H. B. Evans presented to that court a petition signed by himself, as secretary and one of the curators of St. Charles College, and verified by his affidavit, setting forth the trust and the condition of the trust fund as aforesaid, and charging: "That the said Johnston, since his said appointment as such trustee, has removed from the state of Missouri, to the state of Texas, and is, and has been for many years, a nonresident of this state; * * * that the said sum of $3,000 is still in the hands of the said Johnston as such trustee and he has failed and refused for about three years last past to pay over and account to said college for the interest on said sum and in other respects has failed to perform and execute the trust reposed in him under the aforesaid appointment," and praying in behalf of himself, as one of the curators of said college, and in behalf of the other curators of said college, that the appointment aforesaid of the said

Johnston be revoked, and that some suitable person be appointed in his stead to hold the said sum of $3,000, to the same uses and trusts and subject to the same powers and conditions as the same was held by the said Johnston.

The said court thereupon made and entered the following order: "It is ordered that the authority heretofore granted to George B. Johnston be revoked and annulled and for naught held." And afterward, to wit, at the June term of the said court and on the nineteenth of August, 1890, the court made the following further order on said petition.

"Now, at this day comes H. B. Evans, secretary and one of the curators of St. Charles College, and presents to the court a petition duly verified by affidavit, praying for the appointment of a trustee in the place and stead of Geo. B. Johnston, and the said petition is submitted to the court upon the proof adduced, and the court, having duly heard and considered the same, finds that Catherine Collier, by her last will and testament, duly probated in the probate court of St. Charles county, Missouri, bequeathed to her son, George Collier, the sum of $5,000 in trust for said college; that the said George Collier, by his last will appointed Trusten Polk as his successor in said trust; that said Trusten Polk died without having appointed a successor to said trust; that on the eighth day of June, 1877, this court duly appointed George B. Johnston as trustee, to administer and execute said trust in accordance with the wishes, purposes and intent of said Catherine Collier as expressed in her last will and testament; that under and by virtue of said appointment, said George B. Johnston was put into the possession of the sum of $3,270 of the said trust fund, to be executed as aforesaid, of which amount the sum of $3,000, with interest, is still in his hands; that the said George B. Johnston,

since his said appointment as such trustee has removed from the state of Missouri to the state of Texas, and is and has been for many years a nonresident of this state, and has failed to perform and execute the trust reposed in him under the aforesaid appointment, and this court, by order made herein, on May 26, 1890, revoked the appointment of said Johnston as such trustee. It is therefore ordered, adjudged and decreed by the court, that Garner B. Hitch be, and he is hereby, appointed trustee in the place of George B. Johnston, to hold the said sum of $3,000 and the interest accued thereon to the same uses and trusts and subject to the same powers and conditions as the same was held by the said trustee, George B. Johnston, to do and perform with the same force and effect, and be vested with the same title and interest in said money, as was vested in and possessed by the aforesaid trustee.''

Under this appointment the plaintiff Hitch executed a bond which was approved by the court and brought this suit as hereinbefore stated.

I.    It is first contended that this action can not be maintained in the name of Hitch, as trustee, but ought to have been brought in the name of the curators of St. Charles College the obligees in the bond, and in support of this contention we are cited to sections 876 and 889, R. S. 1889, and to several cases that would be authority in cases coming under that law, authorizing suits to be brought in the name of the state or other obligee in official or *quasi* official bonds. But this law and these authorities have no application to the case in hand which, as to the proper party to sue, is governed by the general law contained in sections 1990 and 1991, Revised Statutes, 1889, by virtue of which suits may be brought not only in the name of the real party in interest, and in the name of one with whom a contract is made for the benefit of another (*Ellis v. Harrison*, 104 Mo. 271),

but it is therein expressly provided that a "trustee of an express trust * * * may sue in his own name without joining with him the person for whose benefit the suit is prosecuted." Now, while the contract in question was not made with the plaintiff, or in his name or for his benefit, yet he was in fact the trustee of the fund sought to be recovered; he is the trustee of an express trust, and in contemplation of law the owner of the fund, the real party in interest, expressly authorized by statute to sue for its recovery. Tiffany & Bull. on Trusts and Trustees, p. 1; *Gardner v. Armstrong*, 31 Mo. 535. And this brings us to the real and decisive question in the case.

II. Was Hitch legally appointed trustee of the trust fund? The defendant, all through the courts below, contended, and now contends, that he was not, and this question on the record is fairly before us for determination. The plaintiff contends that he was, and in support of his contention cites us to sections 8683 and 8684, Revised Statutes, 1889, as authorizing his appointment in the manner in which it was made, which as the record shows, was purely *ex parte*, without notice of any kind, actual or constructive to the principal, Johnson or his surety, Stonebraker.

In *Thompson v. Foerstel*, 10 Mo. App. 290, THOMPSON, J., speaking of this statute said: "The statute does not provide for notice to the grantor, or contemtemplate an adversary proceeding." And in that case sustained the *ex parte* appointment by the circuit court of a trustee to execute a deed of trust of property given to secure the payment of a debt. If this be a correct construction of that statute, upon which it is not necessary now that an opinion should be expressed, then the statute is certainly in derogation of common law and right, and should be strictly construed. It purports however, to govern only in cases of trusts created by

deed, and can not by any reasonable construction of its terms be extended to trusts created by will, consequently it furnishes no authority for the *ex parte* appointment of Hitch in this case, and so we have in effect held. *Brandon v. Carter*, 119 Mo. 572.

III. The next question is, can that appointment be sustained as an exercise of the jurisdiction inherent in the circuit court of the city of St. Louis as a court of equity with power to appoint and remove trustees of an express trust independent of statutory authority, a power which it undoubtedly possessed in a proper proceeding before it. Pomeroy's Equity Jurisprudence, secs. 1086, 1087. This power could not, however, be exercised arbitrarily, but only according to well settled principles, after a full consideration of the case in a proceeding for that purpose instituted by some party in interest of which the trustee to be removed had notice. 1 Perry on Trusts [4 Ed.], secs. 277, 282; 1 Daniell's Chancery Practice [6 Am. Ed.], *246; Hill on Trustees, *190–*195. It is within the power of no court to take property rights from one citizen and transfer them to another, unless it has acquired jurisdiction, either of the person or the property.

But it seems to be argued that, because Johnston was appointed trustee of this fund as successor to Polk, by the circuit court of St. Louis, that court acquired plenary jurisdiction over both the property of the trust and the person of the trustee so as to enable it at any time, upon its own motion, or at the request of the *cestui que trust* to dismiss him from the trust, and transfer his rights therein to another. There is no foundation whatever for this contention. The trust fund was never in the custody of that court for any purpose. Upon the death of Polk, it was, in contemplation of law, in the hands of his representatives. In order that it might not remain there and the trust fail,

the circuit court in the exercise of its inherent equitable jurisdiction, had the right to appoint a successor to him in that trust. This was all the power it assumed, attempted to, or did, exercise, and when under such appointment Johnston qualified he became the trustee in the trust created by Mrs. Collier's will as the successor of Polk, and sustained precisely the same relation to that court that his predecessor did, and, as it would be folly to contend that that court could in the lifetime of Mr. Polk, without notice, have removed him from the trust and conferred it upon another, so it is like folly to contend that the court could remove Johnston and transfer his rights in the trust to Hitch, without notice. We know of no principle upon which this *ex parte* proceeding can be sustained; counsel have cited us to no case, and, after diligent search, we have not been able to find one, that can be said to give it countenance, independent of statutory authority; and, as no statute in this state authorizes it, we are compelled to hold that the plaintiff at the time this action was brought was not the legally appointed trustee of this trust, and had no authority to sue upon the bond in question. Such being the case, it becomes unnecessary to notice other points made in brief of counsel. The judgment will be reversed. All concur.