# W. T. HOLMAN et al., Respondents, v. ALBERT A. RENAUD, Appellant.

### Springfield Court of Appeals, February 7, 1910.

1. **TRUSTS AND TRUSTEES: A Non-Resident may Act as Trustee in Trust Created by Will.** Sections 4580, 4581, Revised Statutes 1899, which provide for removing a non-resident trustee, are limited in their application to trustees created by deed, and do not apply to trusts created by will.

2. ————: **Power of Circuit Court to Remove Trustee Appointed by Will.** The court is given power by the statutes (Revised Statutes 1899, secs. 4582, et seq.) to remove a trustee appointed by will. But, aside from these sections of the statutes, the power to remove a trustee appointed by will, or to control his actions, is exercised as an inherent power of the court, and is not derived from the statutes.

3. ————: **Public Trusts.** A public trust is one in which the public at large, or some undetermined portion of it, has a direct interest or property right, or in which the beneficiaries cannot be ascertained with certainty. A public trust is not created where the beneficiaries are the evangelical denominations in a certain neighborhood.

4. **CIRCUIT COURTS: Jurisdiction: Proper Parties Plaintiff: Trusts and Trustees: Beneficiaries of Trust.** Under the terms of a will, a provision was made for the erection of a memorial chapel in a certain locality, to be used for religious purposes by the several evangelical denominations in the vicinity of said proposed chapel. Two trustees were named to select the place and erect the building. One died, the other moved out of the state, and nothing was done toward building the chapel. Plaintiffs, alleging in the petition that they were residents and property-owners in the immediate neighborhood where the chapel was directed, under the will, to be built, and that they brought the suit for themselves and at the relation and to the use of the people of that township, sought to have the non-resident trustee removed. Notice to the trustee was had by publication. *Held*, that the circuit court had no jurisdiction to render judgment removing the trustee, for it appeared that plaintiffs were not the proper parties to institute such a suit, as they were not the beneficiaries of the trust; that the beneficiaries of the trust were the evangelical denominations designated in the will.

5. ———: ———: ———: How and When Question of Jur-
isdiction may be Raised. Where the facts which impeach
the court's jurisdiction appear on the face of the petition, as
in the case where it appears that the plaintiffs are not the
proper parties to institute the proceedings, the question may
be raised by motion to vacate the judgment, at a subsequent
term,. for a fatal defect of that character is never waived, and
is not cured by the Statute of Jeofails and may be raised
for the first time in the appellate court.

Appeal from Dent Circuit Court.—*Hon. L. B. Wood-
side*, Judge.

REVERSED AND REMANDED (*with directions*).

*Lamar & Lamar* and *W. E. Barton* for appellants.

(1)   In the absence of service upon the defendant
or seizure of property within the jurisdiction of the
court, the court was without jurisdiction whatever.
22 Ency. Pl. and Pr., 21; Hitch v. Stonebreaker, 125
Mo. 228; Latimer v. Railroad, 43 Mo. 105; Moss v.
Fitch, 212 Mo. 484; Smith v. McCutcheon, 38 Mo. 415;
Wilson v. Railroad, 108 Mo. 580; Abbott v. Shepard, 44
Mo. 273; Lovejoy v. Allen, 33 Me. 414, 54 Am. Dec. 630;
Alley v. Caspari, 6 Am. St. Rep. 178; DeArcy v.
Ketchum, 62 U. S. 165; Pennoyer v. Neff, 95 U. S. 714;
Brown on Jurisdiction of Courts (1 Ed., secs. 1 to 5
inclusive, sec. 11); De La Montanya v. De La Mon-
tanya, 112 Cal. 53; Freeman on Judgments (3 Ed.),
sec. 118.   This is the rule in equity as well as at law.
Merwin's Equity, 167; Bisphan's Equity, 65; 16th
Cyc. 124 D., 210, 214; 1 Pomeroy's Equity Jurispru-
dence (2 Ed.), sec. 298; R. S. 1899, sec. 4580, has no
application to a trustee created by will.   Hitch
v. Stonebraker, 125 Mo. 128.   (2)   If a judgment is
void for lack of jurisdiction over the parties or the
subject-matter, it should be vacated on motion, either
at the term rendered or at any subsequent term
when the matter is called to the attention of the
court rendering such judgment.   Craig v. Smith, 65 Mo.

536; Freeman on Judgments (3 Ed.), secs. 96-97; 23 Cyc., Title, Void Judgments, 905; Cross v. Gould, 131 Mo. App. 585; Dearborn v. Gann, 176 Mo. App. 638; Bishop v. Seal, 92 Mo. App. 167; Neinnan v. St. Joseph, 126 Mo. 89; Gille v. Enmons, 48 Pac. 969, 68 Am. St. Rep. 609; People v. Green, 74 Cal. 400, 5 Am. St. Rep. 448. (3)   The plaintiffs herein had no authority to bring or maintain this suit.  22 Ency. Pl. and Pr., 203; Crow ex rel. v. Clay County, 196 Mo. 234; McKenzie v. Trustee, 61 Atl. 1027, 3 L. R. A. (N. S.) 227; Burbank v. Burbank (Mass.), 9 L. R. A. 748; 6 Cyc., 199; Merwin's Equity Pl. and Pr., 211; Lackland v. Walker, 151 Mo. 210; Women's Christian Ass'n v. Kansas City, 147 Mo. 109.

*Dalton & Author* for respondents.

(1)   The court had jurisdiction over the subject matter of this action.  The land to be converted into money and re-converted into real estate was at all times within the jurisdiction of the trial court.  Washburn on Real Property (4 Ed.), secs. 34, 34a; Hitch v. Stonebraker, 125 Mo. 139.  (2)   The court acquired jurisdiction over the person of the defendant by the order of publication.  Hardy v. Clarkson, 87 Mo. 176.  (3) The court had inherent power, as a court of equity, outside of statutory authority to remove the defendant as a non-resident trustee.   Pomeroy's Equity Jurisprudence, secs. 1086-87.   (4)   The trial court had statutory power to require the trustee who was empowered to execute this trust to give bond.   R. S. 1899, sec. 4582; Gartside v. Gartside, 113 Mo. 353.   (5)   A nonresident cannot execute a trust in this State. R. S. 1899, sec. 4372.

STATEMENT.—Orella M. Bassinger lived in Dent county, Missouri, and was the owner of some land located partly in that county and partly in Phelps coun-

141 App.—26

ty. She executed a will in which was this clause. "I direct my executors to sell my undivided interest in the two tracts of land in Dent county, in the State of Missouri, and a small farm I own near said lands in Phelps county in said State of Missouri for such price and at such times as they shall consider most wise and prudent, and the proceeds thereof to pay over to Albert A. Renaud and Judge Flett, of Watkins, Dent county, Missouri, to be expended by them in erecting a Memorial Union Chapel to be used for religious purposes by the several evangelical denominations in the vicinity of said chapel to be located centrally on the above mentioned lands, and lands owned by my husband, in as public and accessible a place as practicable, or in the village of Edgar Springs, if it is thought by them best."

Mrs. Bassinger removed to the State of New Jersey, where she died about the year 1893. Her will was probated in that State and a copy thereof recorded in the recorder's office of Dent county in this State. About the year 1897, the land mentioned in the will was sold, the money forwarded to the executors of the will in New Jersey, and, in February, 1908, the plaintiffs in this action, W. T. Holman, A. J. Flatt and John Flett, filed a petition in the circuit court of Dent county, against the defendant, Albert A. Renaud, for the purpose of having him removed as trustee, under the will of Mrs. Bassinger, and alleged therein that they were bringing the suit in their own behalf and in the behalf and at the relation and to the use of the people of Watkins township, in Dent county, Missouri, and, to further show their right to maintain the action, allege that they are residents and property-owners, both real and personal, of the immediate neighborhood in which the said Orella M. Bassinger particularly designated in her last will and testament, that said Memorial Union Chapel should be built. Then further alleged that Judge Flett, the other trustee named in the will, is dead, and that this defendant, Albert A. Renaud, had

long since removed to the State of Kansas, and was, at the time of the institution of this suit, a non-resident of this State. The petition asked that an order of publication be issued to notify said Renaud of the commencement of the suit, and that he be removed as trustee and that other trustees be appointed in his stead. Notice by publication was given, and at the April term of the Dent County Circuit Court, 1908, defendant, having made default, judgment was rendered removing him as trustee, and appointing the plaintiffs in this suit as trustees to carry out the provisions of the will. At the April term, 1909, of said court the defendant appeared and filed a motion to vacate the judgment, alleging as grounds therefor that the court had no jurisdiction to render the judgment in the first instance; that when rendered, no jurisdiction was obtained over the person of the defendant, nor did the court acquire jurisdiction over the trust fund mentioned in the pleadings.

The court overruled this motion, and defendant has appealed to this court.

COX, J.—The question to be determined here is as to whether the court had jurisdiction to render the judgment which it did render. That the circuit court, being a court of general equity jurisdiction, has the power to remove a trustee will not be questioned.

1. Respondents seem to think that this is a proceeding under the statute, sections 4580 and 4581, and that the fact that defendant is a non-resident of the State disqualifies him to act as trustee and that he may be removed, with or without notice. In this they are mistaken. These sections of the statute do not apply to trusts created by will, but are limited in their application to trusts created by deed. [Hitch v. Stonebraker, 125 Mo. 128, 28 S. W. 443.]

The court is given power by statute to require a trustee, appointed by will, to give bond, and on his failure to do so, may remove him. Section 4582, *et seq,*

but aside from these sections of the statute, the power to remove a trustee appointed by will, or to control his actions is exercised as an inherent power of the court, and is not derived from the statutes.

2. It is contended that plaintiffs could not maintain this action, and that fact being disclosed upon the face of the petition, the court, for that reason, acquired no jurisdiction to render judgment removing appellant in this case. In this contention we think he is right. This action is bottomed upon the clause in the will of Mrs. Bassinger, which provides for the building of a house of worship to be open to the free use of all evangelical denominations in the vicinity. Clearly the beneficiaries of this trust are the church organizations of that vicinity included in the designation "evangelical denominations." Plaintiffs allege that they are resident property-owners of Watkins township in Dent county in the vicinity of the proposed location of the chapel. The will makes no provision for property-owners in that vicinity as such, and, hence, the petition shows on its face that the suit was not brought in the name of the real parties in interest, and shows that the plaintiffs in this suit have no right to maintain it.

It has been suggested by appellant that this is a public trust, and, hence, if any suit can be maintained, it must be brought by the attorney general or prosecuting attorney. If this were a public trust, then we think his position is correct, but we do not think this trust is of that class. A public trust is one in which the public at large, or some undetermined portion of it, have a direct interest or property right, or in which the beneficiaries cannot be ascertained with certainty. In this case, the public at large are not directly interested, and there should be no serious difficulty in ascertaining who the beneficiaries are. It is clear to us that the church organizations mentioned above are the beneficiaries in this trust, and some one, or all, of them, or their rep-

resentatives, are the only proper parties to institute an action to remove a trustee.

Generally speaking, a question of jurisdiction hinges upon two propositions, namely; jurisdiction of the subject-matter and jurisdiction of the person. In determining these propositions, however, the court proceeds upon the premise that the machinery of the court has been put in motion by a party authorized to bring suit, and that his petition states a cause of action. Hence, if the premise be wrong, the whole structure falls. If the land had not been sold and the defendant had been personally served, so that no question could arise as to the jurisdiction of the court over the subject-matter of the suit and the person of the defendant, yet when, as in this case, the facts which impeach the court's jurisdiction, appear on the face of the petition, this question may be raised by motion to vacate the judgment at a subsequent term, for a fatal defect of that character is never waived, and is not cured by the Statute of Jeofails and may be raised for the first time in the appellate court when the trial court's attention was not called to it in any way. [Weil v. Greene County, 69 Mo. 281; Thomasson v. Insurance Co., 114 Mo. App. 1. c. 116, 89 S. W. 564; Usher v. Telegraph Co., 122 Mo. App. 1. c. 112, 98 S. W. 84; Rumsey Manufacturing Co. v. Baker, 35 Mo. App. 217.]

As the plaintiffs in this case had no legal or equitable interest in the trust, the court could not acquire jurisdiction to remove this appellant as trustee in an action prosecuted solely by them, and, hence, the judgment rendered in this case was solely void and should for that reason, have been set aside when the attention of the court was called to it by the motion to vacate filed by appellant.

3. It has been suggested that this land, having been sold, the money sent to New Jersey, the executor living in New Jersey, the will having been probated there, and the trustee, Renaud, appellant in this case, being a

non-resident of this State also, that the court could not acquire jurisdiction either of the subject-matter or of the person of this defendant, and for that reason, the judgment in this case is void. From what we have said heretofore, it becomes unnecessary to pass upon these questions at this time. The appellant in this case, Renaud, is not disqualified from acting as trustee. As far as this record shows, he is now willing to act, and if he is, the provisions of the will may be carried out through him, and if he is willing to appear and execute bond, as may be directed by the circuit court, we see no reason why he may not proceed to execute this trust.

For the reasons stated in paragraph 2 above, the judgment will be reversed and the cause remanded with directions to set aside the order overruling appellant's motion to vacate the judgment, and enter an order sustaining such motion and vacating the judgment attacked by it. All concur.