STATE SAVINGS LOAN & TRUST COMPANY, Respondent, v. REUBEN S. SWIMMER, Appellant.

St. Louis Court of Appeals. Opinion Filed November 8, 1921.

1. **CORPORATIONS:** Foreign Corporations: Trusts and Trustees: Trusts Created by Will: Statute Does Not Apply. Section 2254, Revised Statutes 1919, providing that no foreign corporation shall act as trustee in any deed of trust or other conveyance, etc., *held* that under the language used in this statute, when the section is considered as a whole it was intended to apply only to deeds of trust or other like conveyances and did not apply to a trust created by will.

2. **STATUTES:** Construction: Ejusdem Generis: Rule Stated. The rule of *ejusdem generis* is that where in a statute general words follow particular words, the general words will be considered as applicable only to persons or things of the same general character or class, and cannot include wholly different things.

3 **TRUSTS AND TRUSTEES:** Foreign Corporations: Equity: De'ivering Property to Foreign Trustee: Discretion Not Abused. In a proceeding in equity to compel the delivery of certain personal property by defendant to a foreign corporation trustee named in testatrix's will, *held* that the lower court did not abuse its discretion by holding that the plaintiff was not disqualified from acting as trustee under the will by reason of the sole fact that it was a nonresident of Missouri.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*Karl M. Vetsburg* for appellant.

(1) Under section 2859, R. S. 1909, defendant is not qualified to act as trustee in the instant case. R. S. 1909, section 2859. (2) A will is a conveyance within the meaning of section 2859, R. S. 1909. Stamm v. Bostwick, 122 N. Y. 48; Prouty v. Clark, 73 Iowa, 55; Tiede-

mann on Real Property (3 Ed.), sec. 628; Funck & Wagnalls New Standard Dictionary, title ''Conveyance;'' Baker v. Clark, 7 U. C. Q. B. 44; Seaburn v. Seaburn, 15 Gratt (Va.), 423; White v. Fitzgerald, 19 Wis. 480; Kelly v. Fleming, 113 N. C. 138; Hays v. Harris, 73 W. Va. 17. (3) All acts of the General Assembly or laws shall be liberally construed so as to effectuate the true intent and meaning thereof. Laws of 1917, page of 324; State ex rel. v. McQuillin, 246 Mo. 534. The *ejusdem generis* doctrine has no application to the instant case.    Ex parte Smith, 231 Mo. 111; State v. Eckhardt, 232 Mo. 49; Wonner v. City, 142 Mo. App. 120; State v. Broderick, 7 Mo. App. 19; Bank v. Ripley, 161 Mo. 126; Hilton's Appeal, 116 Pa. St. 351; Grissell v. Railroad, 54 Conn. 467; Henderson v. Railroad, 81 Mo. 605; City v. Elliott, 47 Mo. App. 418; Danziger v. Simonson, 116 N. Y. 329; Harlow v. Tufts, 4 Cush. (Mass) 453.    (5)    Section 2859, R. S. 1909, is not unconstitutional.    Trust Company v. Ellis, 258 Mo. 706; Rothermel v. Meyerle, 136 Pa. St. 250; LaTourette v. McMaster, 89 S. E. 398; State v. Stevens, 99 Atl. 723; Commonwealth v. DeSarto, 62 Pa. Super. Ct. 184.    (6) Plaintiff, not being a citizen or person, cannot raise the objection of unconstitutionality.    Fire    Asso.    v.    New York, 119 U. S. 110; Pembina v. Penn, 125 U. S. 181; Hunter v. Colfax, 154 N. W. 1037, 157 N. W. 145; Bracey v. Darst, 218 Fed. 482.    (7)    Independently of statute, the court, in the exercise of its equity powers, should not appoint or sanction the appointment of a non-resident trustee.    Perry on Trusts (6 Ed.), secs. 39, 275; Lewin on Trusts, page 29 and page 1087, paragraph 3; Pomeroy on Equity Jurisprudence (4 Ed.), sec. 1086; Brandon v. Carter, 119 Mo. 572; Holman v. Renaud, 141 Mo. App. 399, Gaston v. Hayden, 98 Mo. App. 683; St. Louis v. Wenneker, 145 Mo. 230; Rothenberger v. Garrett, 244 Mo. 191; Harvey v. Schwettman, 180 S. W. 413. (8) Refusal of trial court to exercise its discretion in passing on demurrer may, if discretion is abused, be reviewed on appeal.    Vastine v. Bailey, 46 Mo. App. 413; Van Epps v. Redfield, 35 Atl. 809.

*Wifley, McIntre, Hensley & Nelson* for respondent.

(1) Section 2859, Revised Statutes 1909, does not disqualify plaintiff from acting as trustee under the will of Lena S. Swimmer. (a) The term conveyance as used in section 2859 does not include a will. 9 Cyc. 862; 13 Corpus Juris. 898-B, 900, 902, Note 78, page 903; Brigham v. Kenyon, 76 Fed. 30, 33; Harris v. Reed, 21 Idaho, 364; Comstock v. Adams, 23 Kan. 513; May v. Slaughter, 3 A. K. Marsh (10 Ky.) 505, 509; Foote v. Nickerson, 70 N. H. 496; Bell v. Couch, 132 N. C. 346; Jenckes v. Probate Court, 2 R. I. 255; Seaburn v. Seaburn, 15 Grattan 423; Jordan v. Trustees, 107 Va. 79. (b) The term conveyance as used in section 2859 evidently refers to a written instrument of the nature of a deed of trust. In short, in determining the meaning of the term conveyance as used in this section we must apply the rule of *ejusdem generis.* City of St. Louis v. Laughlin, 49 Mo. 559; State v. Diumissee, 109 Mo. 434; Williams v. A. T. & S. F. Ry. Co., 233 Mo. 666; State ex rel. Spriggs v. Robinson, 253 Mo. 271; State ex rel. Vogel v. Bersch, 83 Mo. App. 657; Mining Co. v. Casualty Co., 162 Mo. App. 178. (c) Sections 11919 and 11920, Revised Statutes of 1909 (Sections 4580 and 4581, Revised Statutes of 1399), which are similar to section 2859, have been held not to apply to trusts created by will. Hitch v. Stonebreaker, 125 Mo. 128; Holman v. Renaud, 141 Mo. App. 399. (2) Plaintiff is not disqualified under general equity rules from acting as trustee under the will of Lena S. Swimmer.

BIGGS, C.—This is a proceeding in equity to compel the defendant Reuben S. Swimmer to deliver to the plaintiff certain personal property which was bequeathed to it in trust under the last will and testament of Lena S. Swimmer. After the filing of a demurrer to the petition which was overruled, defendant declined to plead further and a final decree was entered as prayed in the petition, from which the defendant duly appealed, claiming that the court erred in overruling his demurrer.

The petition states that the plaintiff is a corporation organized under the laws of the State of Illinois and as such is authorized by the laws of that State to act as trustee and administer trusts of all kinds, but that it has no office in the State of Missouri and is not licensed to do business in Missouri. It is further alleged that Lena S. Swimmer on October 18, 1913, was a resident of Illinois, and there executed her last will; that afterwards she moved to the City of St. Louis and resided here until her death on January 11, 1914; that her will was probated in the City of St. Louis, and that by said will she appointed the defendant Reuben S. Swimmer executor, and that he duly qualified as such and assumed control of and administered said estate under the direction of the Probate Court of the City of St. Louis; that by the twelfth clause of said will Lena S. Swimmer gave, devised and bequeathed to her said executor one-half of all notes, mortgages, stocks, bonds, cash on hand, and all other choses in action, in trust, to be invested by said executor for the use and benefit of her son Abraham Swimmer during his lifetime, and directed that said executor should marshal and canvass all of the assets available under said clause of said will, and deliver such investments to the plaintiff, State Savings Loan & Trust Company, that company being named in such will as sole trustee of said funds, securities and investments, and which trustee was directed by said will to thereafter keep said funds invested in good and proper securities, and pay the income derived therefrom to the testator's said son, Abraham Swimmer, in quarterly installments during his life, and upon his death such company as such trustee should pay the principal to the children of said son, or to the suvivors of them, upon arriving at majority, in the following proportions, namely, $500 in cash to Rosa Isabelle Swimmer, and the remainder of the trust fund to Harris Franklin Swimmer, and directed that said children should receive the income from said funds during their minority in the same manner as their father, Abraham S. Swimmer, if he were living.

The bill then alleges that on the day of the death of the testator all said funds and property were and ever

since have been in the City of St. Louis and State of Missouri; that said executor duly administered said estate, made final settlement thereof, which was approved on July 1, 1915; that defendant Reuben S. Swimmer as such executor received all of said trust property, and has either invested or canvassed all such property, or has had a reasonable time to do so, and that such trust property is and has always been in the City of St. Louis. It is then alleged the plaintiff as such trustee is entitled to receive from the defendant all of such trust property and has demanded the same, but defendant has refused to make delivery thereof. Plaintiff prays for an accounting and that defendant be required to deliver to such trustee all of said trust property.

The ground of the demurrer relied on is stated thus by defendant's counsel: "That it affirmatively appears from the face of the petition that plaintiff is a foreign corporation having no office and not being licensed to do business in this State; that the property referred to in the petition was, and all times mentioned in the petition, and now is, in the State of Missouri; that, therefore, under the laws of this State, and more particularly under section 2859, Revised Statutes 1909, plaintiff has no right or power to act as trustee under the will referred to in the petition; and that, therefore, plaintiff has no standing in this court in the instant matter and no right to institute or maintain the suit filed by it."

The case presents a single legal proposition, namely, whether under the law of Missouri, statutory or otherwise, the plaintiff is disqualified from acting as trustee under the will of Lena S. Swimmer. Defendant's counsel say that the plaintiff being a foreign corporation is disqualified from acting as sole trustee in Missouri under the provisions of section 2859, Revised Statutes 1909 (section 2254, Revised Statutes 1919). And aside from this statute a court of equity in the exercise of its discretion should not permit a non-resident trustee to take charge of the property situated in Missouri and remove it from this State.

## I.

The statute referred to,. section 2254, Revised Statutes 1919, reads thus:

"*Foreign corporation or person not to act as trustee, unless domestic corporation or resident trustee be named as co-trustee.*—No foreign corporation or individual shall act as trustee *in any deed of trust or other conveyance* hereafter made by any person, firm or corporation, *whereby any property, real or personal, situate or being in this State, is hereafter conveyed in trust for any purpose whatever,* unless in such *conveyance* there shall be named as co-trustee a corporation organized under the laws of this State, and having power to act as trustee and execute trusts, or an individual citizen of the State of Missouri. No suit shall be brought to foreclose any such deed of trust, unless a resident trustee shall be a party plaintiff." (Italics ours.)

Do the words "or other conveyance" used in said statute include a trust created by a will. If so plaintiff has no right to act as sole trustee under the will, and such would bar the suit. This statute has been before the appellate courts on one occasion only and then the question herein was in nowise involved. It was then held that the fact that a deed of trust named a non-resident as sole trustee did not render it invalid where it recited that in case of the trustee's disability in anywise to act the sheriff shall proceed to sell. [Commerce Trust Company v. Ellis, 258 Mo. 702, 167 S. W. 974.]

Section 13418, Revised Statutes 1919 (R. S. 1909, section 11919), provides a method for the appointment of a new trustee where "any trustee in any deed of trust, to secure the payment of a debt or other liability, or to whom any property is or has been conveyed for the benefit or use of any person, shall die," etc. The Supreme Court construed this statute to govern only in cases of trusts created by deed and not those created by will. [Brandon v. Carter, 119 Mo. 572, 24 S. W. 1035; Hitch v. Stonebraker, 125 Mo. 128, 1. c. 138, 28 S. W. 443; Holman v. Renaud, 141 Mo. App. 399,

l. c. 403, 125 S. W. 843.] These cases are not however controlling because the language of the statute there construed differs radically from that used in section 2254, but the holding therein is persuasive as it is ruled that the words "or to whom any property is or has been conveyed for the benefit or use of any person" as used in that statute does not include a trust created by a will.

Absent a statutory definition of the term "conveyance" resort must be had to dictionaries and the meaning given to the word in other jurisdictions. While it is true that the word when used in its broadest signification has been held applicable to a will in case of a devise inasmuch as a will provides a mode of transferring title to real estate, the term when used in statutes as denoting a written instrument has been construed by the weight of authority not to include a will.

In the case of Brigham v. Kenyon, 76 Fed. 30, the court had under consideration the Constitution of the State of Washington which prohibited "the ownership of lands by aliens . . . except where acquired by inheritance, under mortgage or in good faith in the ordinary course of justice in the collection of debts," and further provided that "all conveyances of lands hereafter made to any alien directly, or in trust for such alien, shall be void." It was held that these provisions did not render a will void because it contained an item devising land to an alien. The court there says: "The definition of the word 'conveyance' is given in the dictionaries as follows: 'An instrument in writing by which property, or the title to property, is conveyed or transmitted from one person to another. (Webster In the narrower sense of the word "conveyance" signifies the instrument employed to effectuate an ordinary purchase of freehold (e. g. the modern deed), as opposed to settlements, wills, leases, partitions, etc. [1 Rap & L. Law Dictionary, page 290.]"

The Supreme Court of North Carolina in the case of Bell v. Couch, 132 N. C. 346, construed a statute of

that State requiring conveyances of land, contracts to convey and leases to be recorded as not applying to a will, and said: "While in a certain sense a will is a conveyance of real estate, in common, we may say in legal language it is not so understood or referred to. The one who takes, comes to his estate by purchase and not by descent, but he is a 'devisee' and not a 'grantee.' We do not think looking to the purpose of the Legislature, and the meaning of the language used, that the statute can by construction include wills under the general term conveyance.' "

Speaking of the word conveyance as used in the statute of that State the Court of Appeals of Virginia in the case of Seaburn v. Seaburn, 15 Grattan, 423, says: "There can be no doubt but that the word 'conveyance' in its comprehensive, and perhaps in its technical sense, embraces a devise; and if it had been the only word used by the Legislature in the provision in question to express the mode of tranfer, it might, reasonably, have been construed in that sense; especially as it is used in that sense in other parts of the Code. But we know that in common parlance, the word is often used in a more restricted sense, as contradistinguished from devise; and that it has often been so used in our most important acts of legislation, as for example, in the act concerning conveyances. It is like the word 'purchase,' which, technically, embraces a devise; but is generally used in a more restricted sense and as meaning an acquisition of property by contract only."

In the case of Jenckes v. Probate Court, 2 R. I. 255, the court construed a statute respecting guardians, which declares that all contracts, bargains and conveyances, made by any person under guardianship shall be utterly void, and held that such statute did not apply to wills or devises as they did not come within the term "conveyances." The court there says: "In the first place, the term 'convey' is a technical term, long known and used in deeds conveying real estate and never known or used in a will or devise, any more than the terms 'be-

queath' or 'devise' are used in a deed . . . To call a devise therefore a conveyance violates all propriety of legal language."

In the case of May v. Slaughter, 3 A. K. Marsh (Ky.) 505, the court held that the word conveyance as used in an act under consideration referred to the passing of title by conveyances, technically so called, and not wills which are only *quasi*-conveyances and are not properly described by the term conveyance.

In the case of Foote v. Nickerson, 70 N. H. 496, the court construed a statute authorizing a married woman living separate from a non-resident husband to convey property as if she were unmarried, and held that such statute did not include a similar disposition of her estate by will. It is there said that while in a technical sense a will may be said to be a conveyance the ordinary rule is that it is not included within that term.

The word "conveyance" as used in a statute of Kansas was construed in the case of Comstock v. Adams, 23 Kansas, 513, as not to include a will, and it is there said that "A will is never a conveyance. A conveyance operates in the lifetime of the grantor, while a will does not operate until after the death of the maker."

In support of his contention that the words used in the statute include a trust created by a will, defendant's counsel rely upon the cases of Stamm v. Bostwick, 122 N. Y. 48; Prouty v. Clark, 73 Iowa, 56; Kelly v. Fleming, 113 N. C. 138; Hays v. Harris, 73 W. Va. 27; Baker v. Clark 7 Upper Canada (Q. B.) 49.

In the case of Stamm v. Bostwick, supra, it was held that one who has taken lands by devise, holds the same as purchaser within the meaning of the provision of the act "to enable resident aliens to hold and convey real estate." It was there held that there were two modes of acquiring title to land—descent and purchase, and that purchase included every mode of acquisition known to the law except that by which an heir on the death of an ancestor becomes substituted in his place by the act of the law. But it is said by the court in that case that

other courts in construing statutes and to carry out the intent of the Legislature have given to the word a more restricted meaning.

In the case of Kelly v. Fleming, supra, the court construed the words in a statute "conveyed by chattel mortgage or otherwise," as not to apply to an absolute sale of property but only to a conveyance by chattel mortgage or other way by which a lien can be placed thereon as by deed of trust or conditional sale. The words were construed to apply only to conveyances by chattel mortgage or by instruments in the nature of chattel mortgages.

While it is true that in the case of Hays v. Harris, supra, the court construed the word conveyance as used in the statute of Virginia as including a devise, it may be noted another provision of the same statute uses the words "The said trustee whether named in the conveyance, *devise* or *dedication*," which indicated clearly that a devise of land was intended to be included within the purview of the act.

We find the statute (section 2254) placed by the revision committee of the Legislature under the chapter pertaining to Mortgages and Deeds of Trust. The section prohibits a foreign corporation or individual from acting as sole trustee in a deed of trust or other conveyance made by any person, firm or corporation, etc. Of course firms and corporations cannot make wills.

We think the rule of *ejusdem generis* may be properly applied in construing this statute and that the words "deed of trust or other conveyance" as used by the Legislature was meant deed of trust or other like conveyance or conveyances of a like nature. This rule of construction of course should not be applied except as an aid in the construction of the statute and should not be used in the event it appeared plain from the face of the statute that it was intended in using the words "or other conveyance" that a trust created by a will was therein included. The rule referred to is that where in a statute general words follow particular words, the general words

will be considered as applicable only to persons or things of the same general character or class and cannot include wholly different things. [Wonner v. City of Carterville, 142 Mo. App. 120, 125 S. W. 861; State ex rel. v. Robinson, 253 Mo. 271, 161 S. W. 1169; City of St. Louis v. Laughlin, 49 Mo. 559.]

In the present case the particular words "deed of trust" are followed by the general words "or other conveyance," and in applying the rule the general words should be construed to mean conveyances in the nature of deeds of trust and not a will which is an entirely different thing. We conclude that under the language used in this statute, when the section is considered as a whole and read in the light of the foregoing authorities, it was intended to apply only to deeds of trust or other like conveyances, and that in enacting the statute the Legislature did not have in mind a trust created by a will. It follows that the lower court did not err in holding that the statute did not apply to the present case.

However, it is asserted by defendant's counsel that aside from the statute, the court in the exercise of its equity powers over trustees, whether by will or otherwise, and under the court's general powers to control and supervise trustees and trusts, including the power of appointment and removal, should have, in the proper exercise of its discretion, refused to entertain plaintiff's bill. It is said the effect of the petition prectically amounts to an application for the appointment of a trustee by a court of equity, and that such court of equity in properly exercising its discretion should not appoint a non-resident trustee and thereby permit the trust property to be removed from the State of Missouri and beyond the jurisdiction of the court.

This is not a case where the court is asked to exercise its discretion in appointing a new trustee where none exists, nor is it a case where the court is asked to remove a trustee, but is one where a court of equity is asked to compel the delivery of certain personal property by the

defendant to a trustee named in the will of the testatrix Lena S. Swimmer. The defendant did not answer, but stood on his demurrer, and does not show wherein any clear necessity exists for interference by the court in order to save or protect the trust property. He stands on the bare fact that the plaintiff is a non-resident, and asks us to rule that the court abused its discretion, in holding the bill stated a cause of action, for this reason alone. The testatrix Lena S. Swimmer, for reasons known to her desired that the plaintiff should act as her trustee under her will, and unless there is some law in Missouri which prevents that intention being carried out, and absent a necessity for an interference to save the trust property, the courts of Missouri should not interfere. At least we as an appellate court should not rule that the lower court abused its discretion by refusing to hold that the plaintiff was disqualified from acting as trustee under the will by reason of the sole fact that it was a non-resident of Missouri.

The judgment should be affirmed.

PER CURIAM:—The foregoing opinion of Biggs, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur: