KITCHENS *v.* UNION COUNTY.

(In Banc. May 28, 1945.)

[22 So. (2d) 356. No. 35877.]

Thos. E. Pegram, of Ripley, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**L. K. Carlton,** of New Albany, for appellee, Union County.

Argued orally by **Thos. E. Pegram**, for appellant, and by **Geo. H. Ethridge**, for appellees.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellant filed a petition in the Circuit Court of Union County, and with the board of supervisors of said county, simultaneously, seeking to have the court enter an order directing the board of supervisors to issue a warrant in his favor for the sum of $650.50, being based on a claim of 20 cents a mile for returning, as the agent of the Governor of Mississippi, two fugitives from the State of Mississippi, under a requisition from the Governor for that purpose, which requisition was issued on the capias of a justice of the peace in Union County, directing the arrest of said parties for the felony of kidnapping. The victim of the kidnapping was a girl, and the record shows that the Governor's agent, who was also a deputy sheriff of Union County, realizing that he alone would find it exceedingly difficult, if not impossible, to guard and return all three persons without aid, took along with him another deputy sheriff of said county, all traveling in the car of Mr. Kitchens, who was the agent appointed by the Governor, and the claimant and appellant in this cause.

They went to California, and the requisition was honored, and they brought the two prisoners and the girl back with them to Union County in November, 1943, having used eight days on the trip.

Proof was duly made in support of· the allegations of the making of the trip, and of the facts hereinabove set out; and after the presentation thereof, at which it does not appear that any one represented the county, the circuit court denied the petition; and from this judgment of the circuit court the case has been appealed here.

Although appellant simultaneously filed his petition both in the circuit court and with the supervisors, and although there is no provision in the statutes applicable requiring that the petition to the circuit court make the members of the board of supervisors parties defendant there, and require them to be summoned, they were summoned and made parties to the petition in the circuit court. However, the summons was defective, and the return of the service thereof was defective.

Appellant contends, and we think rightly, that since it was not necessary for the supervisors to have been summoned in the first place, the defect in the summons is not material in the matter; neither is their failure to appear and contest on behalf of the county in the Circuit Court. Ex parte Charles Webb, 96 Miss. 8, 49 So. 567. However, appellant lost his case in the circuit court, as stated.

Section 3984, Code 1942, which was Section 4826, Code 1930, provides: ''The governor may appoint an agent to demand of the executive authority of any other state or territory any fugitive from justice or other person charged with treason, felony, or other crime in this state. Such agent, if necessary, may employ a sufficient guard or escort to bring such criminal to this state; and the governor may contract other expenses absolutely required in performing the duties of the agency.''

In the case of McLean v. Mississippi, 5 Cir., 96 F. (2d) 741, 745, 119 A. L. R. 670, writ of certiorari denied in 305 U. S. 623, 59 S. Ct. 84, 83 L. Ed. 399, the Court said: ''Even though one who is a sheriff should be appointed such agent, he acts not as sheriff under his bond but as

special agent to extradite, at least until he has the prisoner in his custody in his own county.''

Section 3964, Code 1942, provides: ''Any party, acting under a requisition of the governor, who brings back to this state and delivers to the sheriff of the county where the offense is alleged to have been committed, a person charged with felony, shall receive, to be paid out of the county treasury on the order of the circuit court and of the board of supervisors, twenty cents a mile for the distance necessarily traveled in coming from the place of arrest to the place of delivery; but the same shall not be paid to any party who has received, or who claims a reward from the state, county, or person,'' which, like Section 3984, first appeared in the Code of 1892.

The requisition signed by Governor Paul B. Johnson appointed appellant as agent of the Governor, to receive and convey the parties from California to the State of Mississippi, without responsibility to the state for any expense attendant upon the execution, for the arrest and delivery of the fugitives.

Section 3965, Code 1942, which was adopted as Chapter 139 of the Laws of 1932, provides:

''The circuit court or the judge thereof in vacation is hereby authorized and empowered to allow all necessary and proper expenses to any person or persons acting under a requisition of the governor, who may travel out of this State for the purpose of identifying or assisting in any proper and necessary manner in the return to this State of a person charged with felony.

''Such expenses may be allowed only upon a petition to said court or judge filed by the District Attorney, setting out the necessity for the expenditure, an estimate of the probable amount to be spent, the name of the person charged with felony, the crime with which such person is charged and the place to which the proposed trip will be made. If, upon the hearing of said petition, the circuit court or judge is satisfied of the necessity of the expenditure, an order authorizing the same may be entered to

that effect, and thereafter upon sworn itemized statement of such expenses the court or judge shall, if such expenses are reasonable and proper, enter an order allowing the same, which order, upon presentation to the board of supervisors of the county in which such person is charged with felony, shall be allowed by said board.''

Section 3922, Code 1942, which was Section 4365, Code of 1930, provides: ''All accounts of a public nature, before they are allowed by the circuit court, shall be presented to the district attorney, and his opinion concerning the validity of the same, and whether the same should be allowed or disallowed, obtained in writing, and presented to the court.''

It is contended by the appellant that automatically under Section 3964 he is entitled to 20 cents a mile from Long Beach, California, to New Albany, the matter being fixed by statute; and that as he acted as the agent of the Governor under a statute fixing definitely the payment of this mileage to him when he had performed the purposes of his appointment, that no district attorney can, in effect, repeal the statute where the service has been effectively performed, or hamper the agent of the Governor by recommending disapproval of the allowance, so that, therefore, Section 3965 has no application to this particular part of his claim.

The position of the attorney general, in contesting the issuance of an allowance order by the Circuit Court in this particular case, is based on Section 3922, Code 1942, supra, and Section 3965, Code 1942.

No person, if the position of the Attorney General as to the mileage be correct, would accept appointment from the chief executive of the State of Mississippi to travel to a distant state for the purpose of bringing back a fugitive from justice where the allowance of the mileage was dependent upon the judgment or caprice of a district attorney who might, or might not, be capable, reasonable or impartial, even though the service had been duly and effectively performed. It would require a high degree of

disinterestedness and unselfishness for any one to accept the responsibility of acting as agent of the Governor, if one had to gamble upon the allowance of the amount fixed for him by statute as such agent. As agent of the Governor, he is not acting as an officer of the court, even though he is a deputy sheriff, or sheriff. In our judgment, the only matters into which the circuit court could inquire are whether or not the requisition was issued and the prisoner returned by the Governor's agent thereunto appointed, the actual mileage from the place of arrest in the other state to the point of delivery, the reasonable expenses of feeding and lodging the prisoners, the reasonable expenses of the guard carried along by the executive agent, and other reasonably essential expenses incidentally necessary to executing the warrant of requisition in the arrest and return of the fugitives. In this case, the claimant, however, is asking for expenses of the victim of the kidnapping, and of himself personally in addition to the mileage allowed him. The latter two items in our judgment cannot be allowed him, under the provisions of the statutes, Sections 3964 and 3984, Code 1942.

This, then, brings us to consideration of what bearing Section 3922, Code 1942, set out supra, has upon the case before us, which statute has been a part of the statutory law of Mississippi ever since Hutchinson's Code of 1848. Sections 3964 and 3984, Code of 1942, first appeared in the Code of 1892.

This statute, Section 3922, Code 1942, does not say by whom the claim shall be presented to the district attorney. The statute governing the allowance of the mileage does require the claimant to file his petition in the circuit court, but not with the district attorney. Construing Sections 3922 and 3964 together, it appears to us that the judge before allowance must ask the advice of the district attorney as an officer of the court, and not that the claimant must first have his claim tried by the district attorney, and then later, peradventure, retried by the

court. Especially does this seem true, since if the district attorney approve or disapprove the claim, the court is not bound thereupon to allow or disallow it, but its allowance or disallowance is ultimately committed to the judgment of the court, and it can be contested by the district attorney in the circuit court on behalf of the county, if he see fit to do so.

Since the court did not submit the matter to the district attorney before hearing the matter, in accordance with the statute, it was without due exercisable authority either to allow or disallow the claim; and in such situation the judgment of the court was tantamount merely to an erroneous dismissal of the claim of appellant, and not a final judgment on its merits.

The attorney general argues that no appeal lies from this action of the circuit court because it is purely an administrative matter, and cites cases, none of which in our judgment are applicable to the matter before us. The claimant is granted by statute certain compensation for certain services, the rendition of which is to be determined by the circuit court, which can only act at term time. The judgment of the court, in view of what we have said supra, is adjudication, and from an adverse adjudication an appeal will lie here.

While Section 3964, Code 1942, supra, first appeared in the Code of 1892, Section 3965 was not enacted by the Legislature until 1932, when it was Chapter 139 thereof. Conceivably this legislation was deemed necessary by the Legislature due to the increase of crime, with the increasing complexities of human activities, the increase in the means and speed of flight, and the growing tendency of fugitives to resist the honoring of requisitions. It does not supersede Section 3964 or Section 3984, supra, but supplements them by providing, on a proper showing in advance for the necessity thereof, an allowance in addition to the expenses for the executive agent, the extra guard, and expenses in maintenance of the guard and prisoners, and other necessary incidental expenses, in-

herent in said Sections 3964 and 3984, to cover the costs of a person or persons traveling out of this state in order to furnish identification of the fugitives, or evidence in a hearing on the requisition, or other similar or kindred assistance. This seems true under the "ejusdem generis" rule. Gully v. Stewart et al., 178 Miss. 758, 174 So. 559; State Savings Loan & Trust Co. v. Swimmer, 208 Mo. App. 503, 236 S. W. 1057, 1060; State v. Hemrich, 93 Wash. 439, 161 P. 79, 83, L. R. A. 1917B, 962. This is a matter entrusted to the district attorney charged with prosecuting the fugitives, and with the duty of aiding the executive agent successfully to secure custody for return to Mississippi the fugitives to the end that he may prosecute them in the proper forum of this state. It is for him, charged with prosecution, to determine the witnesses and other assistance of like sort needed to enable the executive agent to achieve effectiveness of the requisition of the Governor of Mississippi, where the fugitive resists it, or other kindred difficulties arise. Accordingly, the duty and responsibility is put upon him to take such matters up with the circuit court or judge in vacation, in advance, for allowance to cover the expenses, as a part of the functions of the judicial division of state government. The appointment of the agent to return the fugitives, by the Governor, is part of the duty of the executive branch of the state government. In our judgment, therefore, the two statutes do not overlap or conflict, but being read together supplement each other, covering different situations, the one necessarily, and the other possibly to become involved in the return of fugitives from other states for prosecution in Mississippi for felonious violations of the criminal laws thereof. On the facts in the case before us, Section 3965, Code 1942, has no application here.

In consequence of our conclusions supra, the case must be and is reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.