## J. T. GABBERT ET AL. v. SALLIE G. WALLACE.

1. MORTGAGE.  *Right of assignee.  Cannot sue for previous conversion of property.*
   The assignment of a debt secured by trust-deed, carries with it as an incident
   the security; but where there is no transfer of the right to sue for a conver-
   sion, the assignee of the debt and trust-deed cannot sue third persons for
   the conversion of personal property embraced in the encumbrance, if the
   conversion was prior to the assignment.   In this respect there is no differ-
   ence between a trust-deed and an ordinary mortgage.

2. SAME.   *Statute authorizing transfer of actions arising from torts.*
   The fact that our statute confers the right to assign causes of action arising
   from torts does not affect this.   The right to sue for the previous conversion
   of the mortgaged property is not a part of the security which passes by an.
   assignment of the debt.

3. MEASURE OF ASSIGNEE'S REDRESS.  *Right to sue not assigned.*
   The right to recover the debt, and to subject the mortgaged property, if to be
   had, is the measure of the assignee's redress, unless there appears some-
   thing indicating a purpose to assign also the right to proceed against third
   persons for injury to, or conversion of the mortgaged property.

4. SUPREME COURT.   *New point affecting foundation of decree.   Reversal ex mero-
   motu.*
   Reluctant as this court is to notice objections not specifically made, if on ap--
   peal a question is presented by the record going to the very foundation of
   the right of the party in whose favor the decision was made, the court will
   enter a reversal, although the point was not made in the lower court nor
   raised by counsel here.

5. SAME.   *Application of the rule.*
   In this case, the complainant having no right under the assignment to sue for
   the previous conversion of the property, but having nevertheless obtained
   a decree, the supreme court will reverse it, even though no objection was
   made to the decree on this ground in either court.

FROM the chancery court of Tate county.

HON. J. G. HALL, Chancellor.

The facts are sufficiently stated in the opinion of the court.

*Oglesby & Taylor,* for appellants.

*Shands & Johnson,* for appellee.

COOPER, J., delivered the opinion of the court.

The decree of the chancellor involves the finding by him of these facts: That, in 1884 W. D. Ruffin was largely indebted to J. M. Wallace, and on the 16th day of February of that year, executed a deed of trust upon his plantation, the personal property thereon and the crops to be grown by him that year on said place or on any other lands he should cultivate. This deed was executed to secure the existing debt, for which two notes were then executed, one for eight hundred and thirty-five dollars, and one for nine thousand two hundred and thirty-four dollars and seven cents, and also to secure such other sums as might be advanced by Wallace during that year. At the end of the year 1884, the notes remained wholly unpaid, and there was a balance due on the open account of some two thousand dollars.

On the 7th day of March, 1885, Ruffin executed another deed of trust on the same land and personalty and also on his crops to be grown that year to secure the said notes and an open account. In January, 1886, Wallace failed in business and assigned the notes thus secured to one J. P. Wallace, and the open account to the firm of Porter & McRae. The lands mortgaged have been sold under a prior mortgage to other parties. J. P. Wallace, the assignee of the notes, caused the deed to be executed as to the personal property, by the sale of which a credit of about two thousand five hundred dollars was realized and applied to the notes. He then assigned the notes to Mrs. Wallace, to whom also Porter & McRae have assigned the open account. In the years 1884 and 1885 Ruffin, the mortgagor, without the consent of J. M. Wallace, the mortgagee, sold to the several other defendants portions of the crops raised by him in those years and covered by the mortgages, and they severally converted the crops, so that they can no longer be subjected to the mortgages. Other facts are found that are unimportant in the view we have taken of the rights of the parties.

Mrs. Wallace, the assignee of the assignees of the debts secured by the deeds, exhibited her bill in the chancery court of Tate county against Ruffin and the persons to whom he had sold the mortgaged crops, asking a decree against the mortgagor for the debt, and de-

crees against the other defendants for the value of the property converted by them respectively. She has secured such decrees, and from them the defendants other than Ruffin appeal.

Counsel for appellants have filed elaborate and carefully prepared briefs analyzing the testimony, and seek a reversal on the ground that the decrees are against the preponderance of the evidence.

We are of opinion that the conclusion reached by the chancellor cannot be supported, even though the facts be as found by him.

As the point on which our decision turns was not made in the court below, nor raised by counsel here, we have been reluctant to dispose of the cause upon it; but since it goes to the very foundation of complainant's right, and an affirmance of the decree would give sanction to other proceedings of like character, we have concluded that the decree ought not to stand, since, assuming every thing to be true that the evidence proves or tends to prove, complainant is not entitled to any relief against the appellants.

The injury for which she seeks relief was not done to property in or to which she had any right or interest, legal or equitable, at the time of the conversion, nor is she assignee of the right of action which Wallace, the mortgagee, had against those who impaired his security.

By the assignments made by the mortgagee there passed to his assignees the debts due by Ruffin, and as incident thereto the mortgages by which they were secured. The assignees might therefore proceed against the mortgaged property in whosoever's hands it might be found, and, as incident to this right, might have proper recourse against any person, who *after the assignments* converted or injured the mortgaged property. This incidental right, however, springs from the interest, legal or equitable, that the injured party has in the property at the time of the injury or conversion by the wrongdoer. The mere assignment of the debt and the mortgage by which it is secured is not an assignment also of the right of the mortgagee to sue for antecedent injuries or conversions. For such injuries the mortgagee may sue, for it is a wrong to him; and, since by our statute rights of action arising

from torts may be assigned, we do not see why the assignee of the mortgage, if also the assignee of the claim against the trespasser, may not also sue. That question is not however presented, for the complainant is not the assignee of this collateral right, but only of the debt and mortgage. The right to sue was one which the mortgagee might either exercise or waive. He might, it is probable, assign it to the assignee of the mortgage debt, but he might also in an assignment of the debt reserve from the assignee the right to pursue others who before that time had injured or converted the mortgage property. In *Bowers* v. *Bodley,* 4 Bradw. (Illinois Court of Appeals) 279, the assignee of a debt and mortgage brought an action of trover against one who before the assignment had converted the mortgaged property. It was held that while the assignment "invested the assignee with all the rights of the mortgagee to the property, it could not carry with it the right to sue all persons through whose hands it had passed, for injuries to the property before the assignment. To maintain such action, the appellee must have been the owner or entitled to the possession of the property, or had some right or interest in it at the time of the wrongful act complained off."

So in *Overton* v. *Williston,* 31 Penn. St. 155.

These were actions of trover brought by the assignee, but since the mortgagee might have sued for the conversion, they are authorities for the position that the assignee is not by virtue of the assignment substituted to all the rights of the mortgagee; that the assignment does not take effect by relation from the execution of the mortgage so as to make the mortgagee and his assignee so intimately connected as to vest in the latter all the rights of the former.

In *Van Driel* v. *Rosierz,* 26 Iowa 575, it was held that an assignee of a bond for title, by which the rents of the land were secured to the obligee, was not entitled to rents accruing after the execution of the bond but before the assignment. In *Kimball* v. *Steam Mill Company,* 55 Maine 494, the court in dealing with the rights of an assignee of a mortgage said : "A mortgagee's assignment, while it passes his title to the land as security for the debt, transfers no rent due at the time of the assignment, without ex-

press words to that effect, and is equally powerless to transfer any right of action growing out of any use or appropriation of the products of the land which the mortgagor may have previously made." In *Salmon* v. *Dean*, 5 Eng. Law and Equity 107, a mortgagee was entitled to rents. The tenant had concealed from him an increased amount to which he was entitled by reason of the conversion by the tenant of pasture land into arable land ; the mortgagee assigned the mortgage and the assignee sought in equity to collect the increased rent due before the assignment. It was held that the mere assignment, in the absence of any words indicating a purpose to transfer the accrued rents, was insufficient as showing a right to recover them by the assignee.

The right of the assignee to recover the debt and to subject to its payment the mortgaged property is, we think, the measure of his rights, unless there appears in the assignment something indicating a purpose by the mortgagee to assign also the right to proceed against third persons who have during his interest in the property injured or converted it.

*Decree reversed and cause remanded.*

*Shands & Johnson*, for appellee, filed a suggestion of error making the following points :

1. The doctrine is *universal* that any valid assignment of a debt secured by mortgage or trust-deed is also an assignment of the security, and vests the assignee with all the equitable rights, interests and *remedies* of the secured creditor, unless a contrary intention appears in the assignment. 3 Pom. Eq., § 1210 ; Daniel Neg. Inst., § 748 ; 9 Pa. St. 32 ; 4 Johns 41 ; 17 Serg. & R. 400 ; *Hills* v. *Eliott*, 12 Mass. 26 ; *Craig* v. *Parkis*, 40 N. Y. 181 ; *Henderson* v. *Herrod*, 10 S. & M. 633 ; *Terry* v. *Woods*, 6 Ib. 149.

In some of the states a right to sue for a conversion will not pass with a mortgage because actions for torts are not assignable. *Norton* v. *Tuttle*, 60 Ill. 130 ; *Bowers* v. *Bodley*, 4 Bradw. (Ill. App.) 279. But in this state, by express statute, a right of action arising from a tort may be assigned, and we submit that the right to sue in this

·case passed by the assignment as an incident to the debt. It is apparent that John P. Wallace, the original mortgagee, cannot sue for the conversion, and therefore necessarily the right of action is vested in the assignee.

2. This is not a suit for a tort. The tort is waived, and the appellants are called upon to account for the *value of the property,* as if by contract. Cooley on Torts 93 ; *Hall* v. *Peckham,* 8 R. I. 37 ; *Rand* v. *Nesmith,* 61 Me. 111. Defendants took the property with full notice of the trust-deeds, and they cannot be heard to say that they are tort feasors and not trustees. 2 Pom. Eq. 1048 ; *Calhoun* v. *Burnett,* 40 Miss. 599. The secured debt has not been paid. As holder of the trust-deeds, appellee is a purchaser *sub modo* of the property encumbered thereby, and appellants should be compelled to pay the actual value of the property received and appropriated by them. The case stands just as if the trustee had sued the defendants as trustees by contract.

3. The authorities cited in the opinion of the court all refer to cases arising under mortgages or other liens, not trust-deeds. Here the conveyances are trust-deeds. The legal title was vested in a third person, a trustee, for the benefit of the secured creditor. The court could have required the trustee to be made a party at any time. *Harlow* v. *Mister,* 64 Miss. 25; *Green* v. *Gaston,* 56 Ib. 751. The beneficiary could not sue at law. *Pollard* v. *Thomas,* 61 Miss. 152. The trust is express and active ; the duties of the trustee were not passive. 2 Pom. Eq., § 991. The trustee has the legal title now, and held it *at the time of the conversion.* In equity appellee is entitled to all the rights he could assert. 2 Pom. Eq., §§ 991, 995 ; *Buck* v. *Swazey,* 35 Me. 41. If the trustee can sue and recover, the money would be payable to appellee as holder of the trust-deed. The title of the trustee, or his right to sue for any conversion of the trust property, cannot be affected by any assignment of the debt. 2 Pom. Eq., § 995.

Equity will give directly to the beneficiary that which the trustee could acquire for her. *McDonald* v. *Vinson,* 56 Miss. 497. As the point upon which this case is decided is of first impression in this state, and nowhere raised or suggested by opposite counsel,

we ask the indulgence of the court, and a careful consideration of the foregoing authorities.

COOPER, J., delivered the opinion of the court, in reply to suggestion of error by counsel for appellee.

In considering this case originally, we did not overlook the fact, to which our attention is now called, that the instrument executed by Ruffin to secure his debts to Wallace, were deeds in trust, and not mortgages. But since the principles governing our decision were alike applicable to either instrument, and since the complainant had treated the instruments as mortgages (the trustees not having been made parties to her bill), we dealt with them as such. .

The question involved is, whether the right which Wallace, the beneficiary in the deeds of trust, had to recover against those who had converted the property conveyed passed by his assignment of the debt secured, the conversions having occurred before the assignment.

It cannot be doubted, that whether Wallace was a mortgagee of the property, or a beneficiary in a deed of trust by which it was conveyed to secure the debts due him, the liability of the defendants to respond to him for its conversion sprang from his ownership of, or right to go against the property itself.

It is equally certain that a transfer by the owner of property does not invest the purchaser with a right of action against those who have previously injured or converted it. It is not believed that any case can be found in which an assignee of a mortgage has been permitted to occupy a higher ground than the purchaser of property, or to sue where he could not have sued, being a purchaser. It is settled in this state that in an action by the trustee in a deed of trust, the damages recoverable are measured by the interest of the beneficiary. *Bates* v. *Snider*, 59 Miss. 497.

It is true that in this case the legal title to the property converted was in a trustee, but the recovery by him would have been for the use of the beneficiary in the deed ; the real injury was to him, and in the case of conversion with the assent of the grantor, he might release the claim for damages. We fail to perceive any

satisfactory ground upon which it can be held, that the right to recover for past trespasses to the property shall be held to be incidentally assigned by a mere assignment of the debt secured, in cases where the assignor is the beneficiary in a deed of trust, it being well settled that no such right would pass if the assignor was a mortgagee.

The fact that our statute confers the right to assign causes of action arising from torts does not affect the question involved, which is whether the right to sue is a part of the security which passes by assignment of the debt. We have been referred to no case in which such rule has been declared ; on clear analogies to well settled principles, it must be denied.

*We adhere to the decision as announced, and deny a re-argument. of the cause.*