LOVE *et al. v.* MISSISSIPPI COTTON SEED PRODUCTS CO.

(Division B.   Nov. 23, 1931.)

[137 So. 739.   No. 29598.]

**Forrest G. Cooper** and **Earl T. Thomas,** both of Indianola, for appellant.

Moody & Johnson, of Indianola, for appellee.

Argued orally by **Forrest B. Cooper**, for appellant, and by **C. C. Moody**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The Sunflower Bank, having become insolvent, was placed in the hands of the superintendent of banks for liquidation. Among the assets of the said bank was a note of W. R. Early secured by a chattel mortgage on a large quantity of cotton seed located in the seed houses used in connection with the cotton gin commonly known as the Early Gin. This note and security was assigned by the superintendent of banks, upon approval by the chancery court, to the Merchants' Bank of Indianola, the decree confirming said assignment being of date June 14, 1930.

Soon thereafter, the superintendent of banks filed in the chancery court a bill alleging that appellee had, at divers dates preceding the date last above mentioned, bought from said Early all or the greater part of the said cotton seed covered by said chattel mortgage, and that although the said mortgage had been promptly recorded, and was on record during all the times of said conversions, appellee had failed to pay to the said insolvent bank or to said superintendent in full for said

cotton seed. The prayer of the bill was for the recovery against appellee for the balance due on the cotton seed thus alleged to have been converted.

When the cause came on for trial, and apparently during the course of the trial, the said assignee, the Merchants' Bank, made a motion that it be substituted as complainant in the place and stead of the original complainant, the motion being made by the solicitor of record of the superintendent of banks, and thereupon the court made an order "that the Merchants' Bank & Trust Company of Indianola be and it is hereby substituted as complainant in lieu of J. S. Love, Superintendent of Banks of the State of Mississippi, the original complainant." Thence the trial proceeded, and it being developed by the evidence that the conversions complained of occurred before the date of the assignment to the substituted complainant, and that the right to have, and to recover for, previous conversions of the mortgaged property was not contained in the terms of the said assignment, the court, acting under the authority of Gabbert v. Wallace, 66 Miss. 618, 5 So. 394, dismissed the bill, so far as said appellee and said alleged conversions were concerned.

It is not contended, as it could not well be contended, that the court was in error in so far as concerns any right to recover for the said conversions by the substituted complainant. But the contention is, on the part of the superintendent of banks, the original complainant, that as soon as the full situation aforesaid was developed, whereby the court saw clearly that the right of action was in the superintendent of banks rather than in the substituted complainant, the court of its own motion, and although not requested so to do, should have set aside the order of substitution, and thereupon ordered that the original complainant be brought back into the case as the actual complainant of record. No motion or request was made of the court so to do, so far as the record discloses, but the argument is that the court of chancery

is vested with broad powers and is under generous duties to see to it, of the court's own motion, that causes are decided on their merits, and that justice be done in every case.

There is no doubt of the broad powers and of the generous duties of the chancellor in the respects just mentioned, but there are certain fundamental limitations upon the powers of all courts, and one of these is that courts of justice cannot grant relief or give judgments in favor of those who do not ask their aid. See Griffith Miss. Chan. Practice, secs. 29a, 30, 54, 58, 564. The only exception to this rule, and this is not a real exception, is in those cases where, in order to grant to complainant the relief which he has demanded and to which he is entitled, it becomes necessary in disposing of the entire case then before the court to grant relief to a defendant who has a right inseparable, so far as the particular case is concerned, from that of the complainant; but even this apparent exception does not apply when the complainant, who is before the court, is entitled to no relief. Id. sec. 616.

It follows therefore that, since no request was made of the court to reinstate the superintendent of banks as a party complainant, no error can be predicated upon the failure of the court so to do; and, although it may be unfortunate that the suit must be begun anew and the same or practically the same record again made up as now exists, save only as to parties, yet it is none the less true that fundamental principles cannot be set aside to meet the demands of convenience or to prevent an apparent hardship in a particular case.

Affirmed.