WATSON, CORONER, *v.* HOLIFIELD

No. 39874          October 22, 1956          89 So. 2d 925

28

*John H. Price, Jr.*, Asst. Atty. Gen., Jackson, for appellant.

*Quitman Ross, George Maxey,* Laurel, for appellee.

ROBERDS, P. J.

On October 6, 1954, Morgan Holifield, the appellee, was Sheriff of Jones County, Mississippi. On that date he was adjudicated in contempt of the county court of said county. There were two judgments growing out of the same state of facts and circumstances. One judgment found that Holifield was in contempt because he willfully failed and refused to obey an order of the court. He was fined $100 and ordered to be confined in the county jail for thirty days. The jail penalty was suspended upon good behavior. The other order of contempt found that Holifield was guilty of improper remarks and conduct in the presence of, and directed to, the trial judge, which conduct obstructed "judicial procedure." For these reasons he was fined $100 and sentenced to be confined in the county jail fifteen days.

Holifield executed and filed two appearance bail bonds to the January 1955 term of the circuit court. He did not file or offer to file an appeal bond. He consciously and intentionally did not act and made no attempt of any kind or character to appeal the case from the county court because he was under the belief that, as sheriff of the county, he was a county official within the provisions of Section 1210, Miss. Code of 1942, Annotated, permitting

an appeal by a county officer without the necessity of giving an appeal bond.

On December 27, 1954, the time for appealing from the foregoing judgments having expired, the county judge directed the issuance of a capias pro fine to a coroner to apprehend and take Holifield into his possession and effectuate the above contempt judgments. The coroner did take Holifield into his possession but on December 31, 1954, Holifield presented to the judge of the circuit court of said county a petition for writ of habeas corpus. The circuit judge set the date for hearing the habeas corpus as January 10, 1955, and made it returnable before the county judge.

The capias pro fine was issued on the theory that Holifield had not perfected his appeal from the contempt judgments. The habeas corpus proceeding rested upon the contention of Holifield that he had perfected his appeal from said judgments and that the appeal was then pending. On the hearing of the habeas corpus proceeding, the judge entered an order permitting Holifield to then execute appeal bonds to the circuit court from the contempt judgments in the county court. The bonds were executed.

The determining questions involved on this appeal are, first, whether Holifield had the right and power to appeal from the contempt judgments without giving bond, because he was sheriff of the county, and, if not, whether the trial judge in the habeas corpus proceeding had the power to then permit him to execute bonds and thereby effectually appeal the contempt judgments to the circuit court of the county.

We now deal with the question whether Holifield, as sheriff, could effectuate his appeal without the execution of an appeal bond. Section 1616, said Code, as applied to ordinary cases, provides: "Appeals from the county court shall be taken and bond given within ten days from the date of the entry of the final judgment or decree on

the minutes of the court, provided, however, that the county judge may within said ten days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty days from the date of the said final judgment or decree." Section 1152, said Code, grants an appeal in contempt proceedings as in the ordinary case upon execution of a bond, with two sufficient sureties, in an amount not exceeding $300, to be fixed by the tribunal from which the appeal is taken, the bond to be approved by said tribunal. But, as stated, Holifield says that his appeal here involved is not controlled by the provisions of either of said two sections, but that, as stated, he was exempt from necessity of executing bond because he was acting within his official capacity as sheriff under Section 1210. That section provides that the officials representing any county and any county officer who is a party to any suit or action in his official character, in which suit or action the county is "beneficially interested", shall be entitled to appeal from a judgment or order of any court or judge, from which an appeal may be taken, "without giving an appeal bond", and if in such case an appeal bond would operate as a supersedeas in favor of a private person, the appeal without bond shall have the same effect in the cases included within this section. The question is whether Holifield was an official representing the county, whether he was a party to this proceeding in his official capacity, and whether Jones County was beneficially interested in the proceeding. As to whether Holifield was representing the county in an official capacity and whether the county was beneficially interested, it is pertinent to state the facts and circumstances from which this proceeding resulted.

The state had charged two parties with the unlawful possession of whiskey. The Deputy Sheriff of Jones County had seized three and one-half cases of whiskey, claimed to belong to said defendants. The deputy sheriff

had delivered this whiskey to Morgan Holifield, as sheriff of the county. The jury failed to agree on a verdict in said prosecution. The trial judge nolle prossed the case. This case was tried at Ellisville in Jones County. The court ordered the sheriff to produce the whiskey at Laurel, in said county, for the purpose of having it destroyed. The judge went to Laurel at the appointed time and conferred with Holifield at the sheriff's office. No preparation had been made to carry out the orders of the court and the judge inquired of the sheriff if there was any misunderstanding. The sheriff replied that there was no misunderstanding. He said he had destroyed the whiskey "a long time ago." When asked why he had destroyed it without an order of the court, Holifield replied that he did not need any order. When the judge indicated he should have had an order, Holifield demanded that he be shown the law, and when informed there was such a law, Holifield said he purposely did not furnish at the trial but one bottle of the whiskey as evidence, and then said to the judge "and I'm tellin you now from here on when I take any whiskey, I'll destroy it and you're only going to get one bottle for evidence and that's the way it's going to be."

The question of the correctness of the findings and adjudications by the trial judge is not before us; the question is whether under the circumstances Holifield was relieved of giving bond by Section 1210.

In Love v. Miss. Cottonseed Products Co., 174 Miss. 697, 159 So. 96, this Court held that this section was intended to apply to persons representing governmental units under delegated authority. In this case the Superintendent of Banks, in charge of the liquidation of a bank for collection of debts due the bank, was held to have the right to appeal without giving bond.

In Cleveland State Bank v. Cotton Exchange Bank, 118 Miss. 768, 79 So. 810, the Court held that a bank which was a depository of school funds, was not

entitled to appeal without bond. Also in Sabougla Drainage District v. The Peoples Bank & Trust Co., 191 Miss. 931, 1 So. 2d 219, the Court held that a drainage district was not excepted from the necessity of giving an appeal bond. The cited cases are of very little help in determining the question under consideration. We think that it is sufficient to say, however, as a matter of reason, that Holifield in his contemptuous acts was not representing the county as sheriff and that the county had no beneficial interest in his conviction or acquittal of the charge against him. It is difficult to say how one convicted of a crime or quasi crime could be said to be representing the county. We think the contention in this regard is not well taken.

The main contention of Holifield is that the permission granted him at the habeas corpus trial to file bond at that time and perfect the appeal from the contempt proceedings was authorized under Section 1959, Code of 1942. It is sufficient to say that that section, by its express terms, applies only to appeals to the Supreme Court of the State.

The further question arises as to whether permission could be granted Holifield, after the time for giving appeal bond had expired, to execute the two appeal bonds to the circuit court authorized by the trial judge at the habeas corpus hearing, under Section 1208, Miss. Code of 1942. That section reads as follows: "In all appeals and in proceedings of certiorari to the circuit court, the said court, on motion of the appellee or obligee, may inquire into the sufficiency of the amount of the bond, and of the security thereon, and may at any time require a new bond, or additional security, on pain of dismissal; and if any bond be defective, the principal therein may give a new one, which shall have the same effect as if given originally." As has already been stated, Holifield performed no act whatever in an effort to

give an appeal bond. Section 1208 applies to a case where the bond is defective.

In Humphreys v. McFarland, 48 So. 182, this Court said: "This case originated in the court of the justice of the peace. There is no bond in the record on the appeal from the justice's court to the circuit court. We are therefore without jurisdiction, and the appeal is dismissed." The same rule was announced in the same language in Johnson v. Marshall, 48 So. 182.

This question was discussed in J. R. Watkins Company v. Guess, et al., 196 Miss. 438, 17 So. 2d 795. In that case the effort was to appeal from a justice of the peace court to the circuit court. The judgment was against three parties. In lieu of an appeal bond one of the parties gave the justice of the peace a check for $250. The check was cashed by the circuit clerk after the transcript of the record was filed with him, and the clerk, after rendition of the judgment by the circuit court, paid the money to the drawer of the check. It was contended that the attempted appeal in this manner was a nullity and that the circuit court had no jurisdiction to grant the appeal and hear the case on its merits and should have dismissed the appeal. This Court observed that the requirements for appeals are purely statutory. It quoted the statute allowing appeals from courts of the justice of the peace and requiring bond to be given within ten days after rendition of the judgment. The Court then said the requirement as to bond is mandatory and jurisdictional, citing a number of cases. It held that the appeal before the court was a nullity. The Court then used this language: "But it is contended by appellees that the circuit court could have permitted the filing of a bond had motion been made to that effect. Section 1208, Code 1942. The provisions of that section apply where a defective or insufficient bond has been filed, or properly tendered, but not to cases where there has been no attempt to give a bond. If the section applied in the lat-

ter case, the appeal could be successfully prosecuted for any reason, or upon any kind of pretext, or, for that matter, without reason or pretext.''

██ ██ In the case at bar there was no question as to the sufficiency of the bond, either as to amount thereof or sureties thereon, or of curing a defect in a bond which had been given. There was no offer or attempt to give security of any kind to effectuate the appeal.

Reversed and the habeas corpus proceeding is dismissed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.